CITY OF BISMARCK, Plaintiff
and Appellee,

v.

Dwayne WALKER, Respondent
and Appellant.

Civ. No. 9916.

Supreme Court of North Dakota.

July 2, 1981.

Frederick E. Saefke, Jr., Bismarck, for plaintiff and appellee; appeared, but did not file a brief or argue.

Bickle, Coles & Snyder, Bismarck, for respondent and appellant; argued by Robert J. Snyder, Bismarck.

SAND, Justice.

On 10 April 1979 a Bismarck police officer cited Dwayne Walker, the defendant-appellant for traveling 43 miles per hour in a 25 mile an hour zone. A trial was held on 3 June 1980 before the Honorable Keith Wolberg, Bismarck municipal judge. Both sides presented evidence pertaining to a particular radar unit in question. After trial, the municipal judge took the matter under advisement and indicated a written opinion would be furnished in the near future. A memorandum opinion and an order finding Walker guilty was issued on 16 June 1980.

Walker filed an appeal on 27 June 1980 with the Burleigh County court with increased jurisdiction[1] for a trial anew by jury, but no copy of the notice of appeal was served upon the city attorney of Bismarck. On 2 Sept. 1980 the City of Bismarck moved to dismiss the appeal on the grounds that the Burleigh County court with increased jurisdiction did not acquire jurisdiction because the notice of appeal was not served upon the city attorney as provided for in North Dakota Century Code § 39–06.1–03(5)(a). The affidavit in support of the motion stated that the city attorney representing the city in the above entitled action first became knowledgeable of any appeal in the instant case "when his office was called by the clerk of the county court during the third week of August 1980 and told that the case had been scheduled for trial"; that he sought information from the clerk of the municipal court and then received a copy of the notice of appeal, and that no notice of appeal was served upon the city attorney as required by NDCC § 39–06.1–03(5) and that no oral notice of appeal was entered in this case. The motion to dismiss and affidavit in support of the motion was served upon Walker on 3 Sept. 1980 at approximately 1:20 p. m. Walker filed a return. A hearing on the motion to dismiss was held on 15 Sept. 1980 and a memorandum opinion and order dismissing the appeal was issued on 20 Oct. 1980. Walker, on 5 Dec. 1980, filed a notice of appeal to this Court with the Burleigh County court with increased jurisdiction.

One of the issues raised is whether or not failure to serve a written notice of the appeal on the city attorney as provided for in NDCC § 39–06.1–03(5)(a) is jurisdictional.

The specific statute authorizing appeals is § 39–06.1–03(5)(a) and, as is pertinent to the issue in this matter, provides in part as follows:

"If a person is aggrieved by a finding that he committed the violation, he may, without payment of a filing fee, appeal that finding to the district court for trial anew, and the case may be tried to a jury, if requested. If, after trial in the district court, the person is again found to have committed the violation, there shall be no further appeal. Notice of appeal under this subsection shall be given within thirty days after a finding of commission of a violation is entered by the official. Oral notice of appeal may be given to the official at the time that he adjudges that a violation has been committed. Otherwise, notice of appeal shall be in writing and filed with the official, and a copy of the notice shall be served upon the city attorney or state's attorney, as the case may be." [Underscoring ours.]

Section 39–06.1–03(7), NDCC, defines "official" as follows:

"As used in sections 39–06.1–02, 39–06.1–03, and 39–06.1–04, the word 'official'

---

1. This Court by AR 16–1978, adopted on 2 Feb. 1978, provided that if an appeal is taken from a municipal court ruling the appeal will be to a county court with increased jurisdiction if the county has such court rather than to the district court.

means a district judge, a judge of the county court with increased jurisdiction, a county justice, a municipal judge, or, when provided by statute, a person appointed by a district judge to serve as such official for all or a specified part of a judicial district."[2]

Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created and can be acquired and exercised only in the manner prescribed. *Bryan v. Miller*, 73 N.D. 487, 16 N.W.2d 275 (1944); 4 Am.Jur.2d *Appeal and Error* § 4, page 535; see also, 4A C.J.S. *Appeal and Error* § 425, pages 65–68. The right of appeal in this state is statutory. *Huso v. Bismarck Public School Board*, 219 N.W.2d 100 (N.D.1974); *Hansen v. Dennis*, 232 N.W.2d 49 (N.D.1975). One attempting an appeal must show his right thereto. *Helland v. Jones*, 76 N.D. 511, 37 N.W.2d 513 (1949). While the right of appeal is determined by statute, the Supreme Court has authority to promulgate rules of procedure, including appellate procedures to be followed in all courts of this state. Art. VI § 3, N.D.Const.

The North Dakota Supreme Court adopted rules for appellate procedure for appeals to the Supreme Court from district courts and county courts with increased jurisdiction. These appellate rules of procedure do not apply to appeals from municipal courts to the district court or county courts with increased jurisdiction, or to appeals from county court to the district court. In this respect Walker's attorney, on the motion to dismiss the appeal before the county court of increased jurisdiction stated: "To tell you the truth, your Honor, I don't think the rules of appellate procedure pertain in this case. They specifically refer to the Supreme Court under Rule 3(d) so I think the Rules of Appellate Procedure really are not applicable here." However, counsel, in oral argument and in his brief before this Court, urged that case law construing the appellate rules be applied to this situation. This concept will be discussed infra.

In *Krueger v. Hayko*, 87 N.W.2d 539 (N.D.1958), this Court said that while notice of appeal was served on opposing party within the statutory time, the defendant failed to file his notice of appeal in the office of the clerk of the district court in which the judgment from which he sought to appeal was entered, as required by statute, until after the statutory time had expired, and therefore the Supreme Court had no jurisdiction in the case. While this statement in *Krueger* involved an appeal to the Supreme Court, nevertheless the concept and rule of law, as well as the rationale of the opinion that statutory requirements must be fully met, applies to other appeals such as an appeal from a municipal court to a county court with increased jurisdiction. It is simply a jurisdictional necessity that he who seeks an appeal must satisfy the statutory mandates. In the instant case more than thirty days had elapsed by the time the city attorney became aware that an appeal had been filed.

The *Bryan v. Miller, supra,* case, however, stands for the proposition that an appeal to a district court for a trial anew is treated in a somewhat different light than an appeal on the record to another court. In *Bryan* an action to recover damages resulting from an automobile collision, the defendant defaulted and the plaintiff recovered judgment. The defendant served a notice of appeal, a verified answer, and "an undertaking on appeal" upon the attorney for the plaintiff. These papers were filed with the clerk of the district court on the same day, and the undertaking consisted of the following: "In lieu of surety on this undertaking the said Abe Miller is depositing the sum of $100.00 in cash with the clerk of the district court of Burleigh County, North Dakota, as surety, and from which any costs are to be paid on the appeal."

2. Walker contends, and it is denied by the City, that his attorney advised the city attorney that in the event of an unfavorable decision Walker would appeal to the Burleigh County court with increased jurisdiction for a jury trial. This dispute was not resolved except by implication by the judge of the Burleigh County court with increased jurisdiction. Even so, the oral notice authorized by NDCC § 39–06.1–03(5)(a) is to the official, not the attorney, and the official has been defined to mean the judge.

The case came on for a hearing 12 Feb. 1954 and some proceedings similar to a pre-trial hearing were held involving the pleadings, answers, and allegations. Before the jury was called the plaintiff moved to dismiss the appeal on the grounds that the court had no jurisdiction of the subject matter because the undertaking on appeal with sureties, a statutory requirement, had not been satisfied. It was contended that "Miller is depositing the sum of $100.00 in cash" is not the same as having deposited the sum or its equivalent.

After argument on the motion to dismiss and deliberation, the district court granted the motion to dismiss the appeal. The order granting the motion to dismiss was appealed to the Supreme Court. The Supreme Court observed that the appellant had not totally failed to serve and file the appeal papers within the time prescribed by statute, nor did the appellant evade the requirements of giving certain security for the payment of the costs of appeal in the event the appellant does not prevail. The appellee contended that the surety was not adequate nor in compliance with the statute, but the Supreme Court declined to rule on that specific question.

The Supreme Court, in effect, held that the proceedings had in the district operated to vest the district court with jurisdiction of the controversy without regard to the validity of the appeal. It reasoned that while jurisdiction on the subject matter may not be conferred on the court by the parties, the district court had original jurisdiction of the subject matter as provided for in the Constitution and the parties by making a general appearance submitted to the jurisdiction of the Court. The Supreme Court noted that a party who invokes the jurisdiction of a court cannot later terminate it capriciously. The Supreme Court reversed the dismissal of the appeal and remanded the case to the district court for proper proceedings.

Even if we were to apply the rule of law announced in Bryan v. Miller, supra, to the instant case, it would still not require a reversal of the order to dismiss the appeal because in this instance the city of Bismarck made a special rather than a general appearance before the county court with increased jurisdiction. The special appearance of the city of Bismarck was to present and argue the motion to dismiss the appeal on the grounds that the appeal did not meet the statutory requirements by failing to give proper notice to the city attorney. The city of Bismarck consistently treated the appeal as being ineffective and urged its dismissal and any appearance thereafter was in furtherance of its motion to dismiss.

■ The appeal in Bryan v. Miller, supra, provided for a trial anew, the same as in this case, but that is where the similarity ends. Furthermore, in Bryan v. Miller the appeal was to the district court which has, pursuant to constitutional provisions, original jurisdiction of the subject matter, whereas in the instant case the appeal was to the county court with increased jurisdiction which does not have original jurisdiction comparable to that of the district court. On the basis of the recognized principles of law discussed earlier herein, the court with increased jurisdiction did not acquire jurisdiction either through original jurisdiction or by appellate procedure.

Walker also referred to Gerhardt v. Fleck, 251 N.W.2d 764 (N.D.1977), and Dehn v. Otter Tail Power Co., 248 N.W.2d 851 (N.D.1976), and other cases, in which this Court, in substance, said that where a timely notice of appeal was filed but the appellant failed to perfect the appeal by not completing the other processes the appeal is not affected but this Court in its discretion may dismiss the appeal. This Court also said it prefers to decide appeals on the merits. Walker argued that this concept concerning appeals to this Court should apply to the appeal from the municipal court.

■ A vast difference exists resulting in a valid distinction between the taking of an appeal as the first step and the perfecting of an appeal as a second step. The taking of an appeal refers to the minimum procedure required, such as filing the appeal and serving the parties within a specified time, to give the appellate court jurisdiction.

The first step is jurisdictional. Perfecting an appeal refers to the procedures to be taken or completed within a certain time frame, after the appeal has been taken, to preserve the appeal which in some instances includes the posting of a surety bond or an undertaking for costs, if required, and if these steps are not taken the Court may, in its judgment, dismiss the appeal for failure to take these steps. This should not be confused with the grounds for dismissing an appeal under Rules 11 and 12, NDRAppP, even though some similarity exists. See *Gerhardt, supra.*

■ The first steps in this case, pursuant to NDCC § 39–06.1–03(5)(a), may be accomplished by either giving oral notice to the official or by filing a written notice of appeal with the official and serving a copy on the city attorney or the state's attorney, as the case may be. These are jurisdictional requirements and must be met. If the appeal is other than oral, then it is necessary to serve the city or state's attorney, as the case may be, in addition to filing the notice of appeal with the official. This procedure is just as essential as serving the proper papers on an adverse party in instituting an action. If the proper parties are not served the Court has no jurisdiction over the parties. The same is true here.

■ The requirement that the proper parties, as provided for by statute, must be served, is jurisdictional. *Matter of Estate of Bieber,* 256 N.W.2d 879 (N.D.1977); *In re Bjerke's Estate,* 137 N.W.2d 225 (N.D.1965).

See also, *Higgins v. Mills,* 181 N.W.2d 726 (N.D.1970).

■ Sound judgment without resort to any rules or statutes dictates that an adverse party must be served in order to make an appeal effective and to give the appellate court jurisdiction. Not every party named in the title of the action is adverse. Only adverse parties are entitled to notice on the appeal. The interest of the parties determines whether or not they are adverse to each other and are entitled to notice of the appeal. *Reliance Insurance Co. v. Public Service Commission,* 250 N.W.2d 918 (N.D.1977). Basic legal logic compels a conclusion that the city of Bismarck in this instance was and is a party in interest whose attorney was required to be served with the notice of appeal. This was not done.

■ We cannot evade the overriding issue regarding the finality of the appeal, to the county court with increased jurisdiction or the district court. NDCC § 39–06.1–03(5)(a) in part provides:

"... If, after trial in the district court, the person is again found to have committed the violation, there shall be no further appeal."

The Legislature, by providing that "there shall be no further appeal" obviously meant to make the decision of the district court (county court with increased jurisdiction) final from which no further appeal may be taken.[3]

---

3. As a matter of interest, the Legislature in the Vietnam Conflict Veterans' Adjusted Compensation Act, § 37–25–08, provided as follows:

"... The adjutant general shall have authority to determine any claim in any case where a doubt arises as to the eligibility of an applicant to receive payment, and the decision of the adjutant general in such case shall be final, except on questions of residence which shall be subject to review by a court of competent jurisdiction."

The same language was found in Ch. 242, § 8, of the 1957 Session Laws regarding the Korean Veterans' Compensation Act, and Ch. 236, § 8 of the 1949 Session Laws, regarding the Veterans' Adjusted Compensation Act for World War II.

NDCC § 27–08.1–06 in pertinent part provides:

"... There shall be no appeal available to either party from the decision of the district court upon appeal from the small claims court or from entry of judgment in the district court pursuant to this action."

In *Weichel v. Hansen,* 219 N.W.2d 118 (N.D. 1974), Hansen petitioned the Supreme Court to exercise its superintending control over the clerk of the district court to refuse to process the appeal. The Court refused to exercise its superintending control on the grounds that the petitioner had an adequate remedy in district court by proceeding with a mandamus action. In the subsequent case, *Hansen v. Dennis,* 232 N.W.2d 49 (N.D.1975), Hansen proceeded with a mandamus action which the district court denied. Hansen appealed to this Court. This

We have no doubt that the Legislature, regarding certain traffic violations, intended to limit appeals on substantive matters to the district court or county court with increased jurisdiction, and that such appeals would be final. It would seem somewhat incongruous to limit appeals on substance to the district court or county court with increased jurisdiction only and at the same time permit appeals on procedural matters to this Court.

Even though neither side briefed, argued, or raised the issue whether or not an appeal from the county court with increased jurisdiction to the Supreme Court is authorized under the provisions of NDCC § 39–06.1–03(5)(a), it is a jurisdictional matter which we will consider sua sponte. *Huso v. Bismarck Public School Board*, 219 N.W.2d 100 (N.D.1974).

In *Helland v. Jones, supra*, the court considered the question whether or not, under the provisions of NDRC 1943 § 39–0612 (since repealed), the highway commissioner was authorized to take an appeal to the Supreme Court from an adverse ruling by the district court. Section 39–0612, NDRC 1943, in part provided as follows:

"... In case of an adverse decision by the district court in such proceeding, the applicant shall be entitled to take an appeal therefrom to the supreme court."

The highway commissioner had denied a driver's license to Helland. Helland appealed to the district court and obtained an order reversing the decision of the highway commissioner and directing him to issue a driver's license to Helland. The highway commissioner filed a notice of appeal to the Supreme Court. The Supreme Court reviewed the statute in existence at the time and concluded the highway commissioner was not authorized to take an appeal, and dismissed the appeal. The court observed

that simply because the statute authorized an aggrieved party to appeal this did not give the right of appeal to the highway commissioner.[4]

"If no party entitled to appeal is before it, the appellate court is without jurisdiction. And the question, being jurisdictional, may be raised at any time, even by the court itself." 4 Am.Jur.2d *Appeal and Error* § 172, page 684.

By employing strained or specious reasoning to NDCC § 39–06.1–03(5)(a) supra, it might be argued that because Walker had not received a trial anew in his attempted appeal, he, in effect, was not again found to have committed the violation and therefore the provision "there shall be no further appeal" does not apply to him and he is not precluded from taking an appeal. If this argument were valid, then it could be successfully argued that the city or state, as the case may be, could appeal whenever the court or jury found no violation because the statute contains no provision precluding the state from appealing. Both of these arguments are invalid. Such specious reasoning will not be of any help because the basic underlying authority for appealing rests upon affirmative authority rather than upon an exception or exclusion to a provision precluding a further appeal.

■ In the instant case no appeal to the Supreme Court is authorized by any statute and, therefore, legal logic dictates the conclusion that none exists.

The North Dakota cases cited herein all follow the recognized rule of law and concept that appeals exist only if authorized by law.

■ The instant case is not one involving a constitutional question requiring a different approach.[5] *City of Bismarck v. Materi*, 177 N.W.2d 530 (N.D.1970).

Court affirmed the denial on the basis that no right of appeal was authorized.

From this it can be readily observed that the limitation of appeals is not a stranger in North Dakota.

4. The *Helland v. Jones* decision may have been directly or indirectly responsible for the enactment of Ch. 251, 1955 S.L., which is now NDCC

§ 39–06–39, authorizing both the aggrieved party and the highway commissioner to appeal the district court decision to the Supreme Court.

5. In a somewhat related matter, it might be contended that the appeal under § 39–06.1–03(5) was designed primarily to provide for a

Having considered all of the legal points, we conclude that the appeal to this Court is not authorized and, therefore, the appeal must be and is hereby dismissed, without assessment of costs to either party.

ERICKSTAD, C. J., PAULSON and PEDERSON, JJ., and PAULSON, District Judge, concur.

PAULSON, District Judge, sitting in place of VANDE WALLE, J.

constitutionally guaranteed jury trial under a two-tier system as approved by the United States Supreme Court in *Ludwig v. Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732. Nevertheless such right may be asserted as any other right may be asserted only if the proper procedures are followed. A person cannot complain if he did not obtain a jury trial through his own error.