STATE of North Dakota, Appellee,

v.

**Craig SILKMAN, Appellant.**

**Civ. No. 10095.**

Supreme Court of North Dakota.

March 18, 1982.

Owen K. Mehrer, State's Atty., Dickinson, for appellee; submitted on brief.

Craig Silkman, pro se.

PEDERSON, Justice.

Silkman seeks appellate review of a district court order denying his request for a jury trial in a non-criminal traffic case. The State urged for dismissal of the appeal on the ground that the order of the district court lacked finality and was, therefore, non-appealable.

Silkman was charged with driving 95 miles an hour in a 55-mile-an-hour speed zone. Pursuant to § 39–06.1–03, NDCC, he appeared for an administrative hearing on this matter. The administrative determination was adverse to Silkman and he then appealed to the Stark County District Court, where he demanded a jury trial pursuant to § 39–06.1–03(5)(a), NDCC. The State moved to deny the jury trial and the motion was granted. Silkman then applied to a succeeding district judge for a rehearing. When that application was denied, Silkman appealed to this court.

Section 39–06.1–03(5)(a), NDCC, states in part:

"5.a. If a person is aggrieved by a finding that he committed the violation, he may, without payment of a filing fee, appeal that finding to the district court for trial anew, and the case may be tried to a jury, if requested."

Silkman contends that this statute grants him the right to a jury trial upon request. In situations where a statute is susceptible to two different meanings, it is the duty of the courts to determine the legislative intent. *See, McCrosky v. Cass County,* 303 N.W.2d 330 (N.D.1981). The legislative history strongly supports Silkman's argument.

Although we agree with Silkman's argument on the jury question and assume that he will now be given a jury trial,[1] the denial of a jury trial is not appealable. In most cases tried in a district court, denial of jury trial may be claimed as error when there is an appeal from the judgment. *See United Hospital v. Hagen,* 285 N.W.2d 586 (N.D.1979). We must emphasize, however, that no appeal will lie from a judgment of the district court, with or without a jury, in a non-criminal traffic case. *See* § 39–06.1–03(5)(a), NDCC.

The appeal is dismissed. No costs are allowed to either party.

ERICKSTAD, C. J., and VANDE WALLE, J., concur.

SAND, Justice (concurring specially).

I agree with the opinion and concur in the result but I do not agree with footnote 1 if it is intended to invite a petition to this Court to exercise superintending power in a non-penal traffic violation, especially where the Legislature has made special efforts to reduce the status of such violation to an infraction and has limited the appeal to district court. If the Court were to exercise its original jurisdiction authority in such matters it would run contrary to the case law established by this Court ever since it has existed.

PAULSON, J., concurs.

---

1. Should Silkman be denied a jury trial upon application therefor, he may seek relief by petitioning this court to exercise superintending powers under Article VI, § 2, North Dakota Constitution.