**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Russell WALCH, Defendant and Appellant.**

**Cr. No. 930014.**

Supreme Court of North Dakota.

April 27, 1993.

T.L. Secrest, Hettinger, for defendant and appellant.

Jeff Rotering, State's Atty., Hettinger, for plaintiff and appellee.

LEVINE, Justice.

Russell Walch appeals from a county court judgment, finding him guilty of traveling 75 miles per hour in a 55 mile an hour zone. We dismiss the appeal.

Neither party raised the issue of whether a county court judgment in a noncriminal traffic case is appealable to this court but we may consider appealability sua sponte and we do so in this case. *E.g., Ceartin v. Ochs*, 479 N.W.2d 863 (N.D. 1992); *City of Bismarck v. Walker*, 308 N.W.2d 359 (N.D.1981). Section 39–06.1–03(5)(a), NDCC, says, in relevant part:

> "If a person is aggrieved by a finding that he committed the [noncriminal traffic offense], he may, without payment of a filing fee, appeal that finding to the district court or county court for trial anew. If, after trial in the appellate court, the person is again found to have committed the violation, there may be no further appeal...."

Appeals to the Supreme Court from decisions of lower courts are allowed only as provided by law. N.D. Const., Art. I, § 6. Section 39–06.1–03(5)(a), NDCC, expressly confers appellate jurisdiction of a noncriminal traffic offense upon the county court or district court, not upon this court. It provides for an appeal to county court or district court. Once a new trial is held in either of those courts, there is "no further appeal." We read the prohibition against a further appeal to wholly exclude the North Dakota Supreme Court from the appeal process.

We construed an earlier version of this provision as precluding an appeal of a noncriminal traffic case to this court. *State v. Silkman*, 317 N.W.2d 124 (N.D.1982); *Walker, supra*. Although subsection (5)(a) has undergone changes since the time we decided *Silkman* and *Walker*,[1] those changes do not alter our earlier determination that a noncriminal traffic case may not be appealed to this court. We, therefore, dismiss this appeal.

VANDE WALLE, C.J., and MESCHKE, SANDSTROM and NEUMANN, JJ., concur.

---

1. At the time we decided *City of Bismarck v. Walker*, 308 N.W.2d 359 (N.D.1981), and *State v. Silkman*, 317 N.W.2d 124 (N.D.1982), subsection 5(a) of section 39–06.1–03, NDCC, provided, in relevant part:

   "If a person is aggrieved by a finding that he committed the violation, he may, without payment of a filing fee, appeal that finding to the district court for trial anew, and the case may be tried to a jury, if requested. If, after trial in the district court, the person is again found to have committed the violation, there shall be no further appeal." NDCC § 39–06.1–03(5)(a) (1980); *see also* 1979 S.L. vol. II, ch. 417, § 1.

   The annotation accompanying the present version of NDCC § 39–06.1–03 (Supp.1991) indicates that "[e]ffective January 2, 1995, subdivision a of subsection 5 ... [is] amended by S.L.1991, chapter 326, section 151. The amendment will be set out in the 1993 supplement." The above-quoted portion of section 39–06.1–03 will then say:

   "If a person is aggrieved by a finding that the person committed the violation, the person may, without payment of a filing fee, appeal that finding to the district court for trial anew. If, after trial in the appellate court, the person is again found to have committed the violation, there may be no further appeal...." *See* 1991 S.L. vol. I, ch. 326, § 151.

   This amendment will also not affect the rule that noncriminal traffic cases cannot be appealed to this court.