James H. BLAND, M.D., Respondent and Appellant,

v.

COMMISSION ON MEDICAL COMPETENCY, and the Board of Medical Examiners, Complainants and Appellees.

Civil No. 960163.

Supreme Court of North Dakota.

Dec. 20, 1996.

Chad C. Nodland of Irvin B. Nodland, P.C., Bismarck, for respondent and appellant.

John M. Olson of Olson Cichy, Bismarck, for complainants and appellees.

SANDSTROM, Justice.

James H. Bland appeals from a district court order affirming an ex parte order of

the Board of Medical Examiners temporarily suspending his physician's license. We affirm, concluding the Administrative Agencies Practice Act does not apply to the temporary suspension of Bland's license, and concluding the determination of the Board was not arbitrary or unreasonable.

I

Bland has been a licensed physician in North Dakota. In 1995, allegedly, a friend of Bland's rented a storage shed in Bland's name, on Bland's behalf, at Bland's request. When the lease expired, the owners of the storage shed entered and discovered poisons and other chemicals, explosive devices, and literature on the use of these destructive materials. The owners notified the police.

The North Dakota Commission on Medical Competency filed a complaint against Bland for committing an act which "indicate[s] a mental disability that materially effects [sic] his ability to practice medicine, psychiatry in this case, in a competent manner." In an ex parte proceeding, the Board of Medical Examiners issued an order temporarily suspending Bland's physician's license. Bland appealed to district court. After the district court affirmed the Board's temporary suspension order, Bland appealed here.

Bland moved to expedite the proceedings here. The Board moved to dismiss the appeal, arguing the district court order was not appealable. We denied both motions. Bland appealed to the district court under N.D.C.C. § 43–17–32.1(4). The authority to appeal here is a disputed issue.

II

■ The Board argues the case is moot because the Board has issued a permanent suspension of Bland's license. Mootness is a threshold issue we decide before reaching the merits of the case. *See Gosbee v. Bendish,* 512 N.W.2d 450, 452 (N.D.1994) (addressing mootness question before reaching the issues raised by the appellant); *see also Forum Publishing Co. v. City of Fargo,* 391 N.W.2d 169, 170 (N.D.1986). "An appeal is moot when an appellate court is unable to provide effective relief because of a lapse of time, or the occurrence of related events."

*Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.,* 531 N.W.2d 289, 294 (N.D. 1995); *see also Bolinske v. North Dakota State Fair Ass'n,* 522 N.W.2d 426 (N.D.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1315, 131 L.Ed.2d 197 (1995). Because the Board issued a permanent suspension of Bland's license on September 5, 1996, Bland will not get his license reinstated regardless of our decision in this case.

■ "However, an appeal is not moot if the controversy is one of great public interest and involves the authority and power of public officials, or is capable of repetition, yet evading review." *Medical Arts Clinic* at 294; *Gosbee* at 453. "Public interest means more than the interest of a particular locality; it means an interest that affects the legal rights or liabilities of the public at large." *Medical Arts Clinic.* A controversy involves a great public interest when the issue has "statewide ramifications ... for administrative practice." *Medical Arts Clinic* (determining scope of hearing officer's authority over discovery proceedings before an administrative agency involves a great public interest). We have also recognized public importance in resolving "potential conflict between a statutory agency's right to regulate public property ... against private citizens' constitutional rights of free speech." *Bolinske* at 430.

■ "A license to practice medicine is a property right deserving constitutional protection, including due process." *Humenansky v. Minnesota Bd. Med. Exam'rs,* 525 N.W.2d 559, 566 (Minn.App.1994) (citing *Greene v. McElroy,* 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 1377 (1959)). A physician's license is, however, "subject to strict regulation under the state's police power." *Humenansky* (citing *Barsky v. Board of Regents of Univ.,* 347 U.S. 442, 449, 74 S.Ct. 650, 654–55, 98 L.Ed. 829 (1954)). This case raises the question whether the Administrative Agencies Practice Act applies to the temporary suspension of a physician's license under N.D.C.C. § 43–17–32.1. Because this case involves a conflict between the Board's authority to suspend Bland's license and Bland's property right in his license, we con-

clude this case involves a matter of public interest, and therefore we will not dismiss it as moot.

## III

Bland argues the Board's failure to comply with the provisions of N.D.C.C. ch. 28–32, the Administrative Agencies Practice Act, specifically failure to provide a certified record on appeal to the district court, violated his right to due process. The Board concedes it did not provide a certified record on appeal as required for appeals under the Administrative Agencies Practice Act. N.D.C.C. § 28–32–17. The Board argues, however, the requirements of N.D.C.C. ch. 28–32 do not apply when the Board issues a temporary suspension under N.D.C.C. § 43–17–32.1.

The Board suspended Bland's physician's license under N.D.C.C. § 43–17–32.1, which states:

"1. When the board has verified evidence that probable cause requires the suspension of a physician's license to reasonably protect the public from imminent or critical harm, the board may order a temporary suspension ex parte.

"2. An ex parte temporary suspension remains in effect for not more than sixty days, unless otherwise terminated by the board.

"3. The board shall set the date of a full hearing for suspension or revocation of the physician's license for not later than sixty days from the issuance of the ex parte temporary suspension order. Within three days after the issuance of the ex parte suspension order the board shall serve the physician with a copy of the order along with a copy of the complaint and notice of the date set for the full hearing.

"4. The physician may appeal the ex parte temporary suspension order prior to the full hearing. For purposes of appeal, the district court shall decide whether the board acted reasonably or arbitrarily. The court shall give priority to the appeal for prompt disposition thereof."

## A

The Board of Medical Examiners is an administrative agency. *Sletten v. Briggs,* 448 N.W.2d 607, 609 (N.D.1989), *cert. denied,* 493 U.S. 1080, 110 S.Ct. 1135, 107 L.Ed.2d 1041; *see also Greaves v. North Dakota State Highway Comm'r,* 432 N.W.2d 879 (N.D. 1988) (recognizing the Board has adopted administrative regulations for emergency medical technician certification). Generally, "the Administrative Agencies Practice Act governs appeals from district court judgments involving administrative license suspensions." *Lock v. Moore,* 541 N.W.2d 84, 86 (N.D.1995) (referring to driver's license suspensions); *see also Greenwood v. Moore,* 545 N.W.2d 790, 793 (N.D.1996).

## 1

This case addresses the interplay between N.D.C.C. § 43–17–32.1 and the Administrative Agencies Practice Act codified at N.D.C.C. ch. 28–32. Under the Administrative Agencies Practice Act, only final orders of an agency can be appealed to the district court. N.D.C.C. § 28–32–15(3)(a); *Raboin v. North Dakota Dep't of Human Serv.,* 552 N.W.2d 329, 332 (N.D.1996). The Board argues the order temporarily suspending Bland's license is not a "final order" under the Administrative Agencies Practice Act. The language of N.D.C.C. § 43–17–32.1 does not indicate whether it is a "final order" for purposes of appeal.

 When statutes can be read together so more than one interpretation is reasonable, the statutes are ambiguous. *Kroh v. American Family Ins.,* 487 N.W.2d 306, 308 (N.D.1992). Statutory interpretation "is a question of law that is fully reviewable on appeal." *Matter of Contempt of Grajedas,* 515 N.W.2d 444, 451 (N.D.1994). "When interpreting ambiguous statutes, this court may consider pertinent extrinsic evidence." *Kroh.* "That evidence may include legislative history." *Kroh;* N.D.C.C. § 1–02–39(3); *Greenwood* at 794. "[T]he primary goal when interpreting a statute is to determine the legislative intent." *In re Craig,* 545 N.W.2d 764, 767 (N.D.1996); *see also State v.*

*One 1990 Chevrolet Pickup,* 523 N.W.2d 389, 392 (N.D.1994).

2

█ The legislative history indicates the temporary suspension of a physician's license under N.D.C.C. § 43–17–32.1 is not a "final order" and therefore is not subject to the provisions of the Administrative Agencies Practice Act.

In 1985, the legislature enacted House Bill 1104, creating N.D.C.C. § 43–17–32.1 to allow the Board to suspend a physician's license for up to sixty days in an ex parte proceeding, based on a finding of immediate and present danger of harm to the public. 1985 N.D.Sess.Laws, ch. 482, § 1. As introduced, subsection 4 of H.B. 1104 stated, "[f]or purposes of appeal, the ex parte temporary suspension order is a *final decision* of the board suspending a license to practice medicine in this state." H.B. 1104, 49th Leg. (N.D.1985) (emphasis added). Counsel for the Board asked the legislative committee to amend subsection 4 of the bill, deleting the reference to "final decision," to read "[f]or purposes of appeal, the district court shall decide whether probable cause reasonably requires the temporary suspension to adequately protect the public interest. The court shall give priority to the appeal for prompt disposition thereof." Tape Recorded Testimony on H.B. 1104 Before the House Social Services and Veterans Affairs Committee, 49th Leg. (N.D.1985) (statement of R.W. Wheeler, Counsel for the Board).

"The reason for that proposed amendment is, if as the bill reads, ex parte temporary order is deemed to be the final decision of the board, the court would have no alternative, but to reverse because it was done without a hearing, and there is no record of evidence to support the court[']s action." Minutes, H.B. 1104, House Social Services and Veterans Affairs Committee, 49th Leg. (Jan. 18, 1985) (statement of Wheeler). There are circumstances in which an ex parte temporary suspension is necessary to protect public health and safety. Minutes, H.B. 1104, Senate Social Services and Veterans Affairs Committee, 49th Leg. (Feb. 21, 1985) (statement of Wheeler). N.D.C.C. § 43–17–32.1 was enacted with the amendment to subsection 4, deleting the reference to "final order."

In 1993, subsection 4 was amended to read "[f]or purposes of appeal, the district court shall decide whether the board acted reasonably or arbitrarily. The court shall give priority to the appeal for prompt disposition thereof." 1993 N.D.Sess.Laws, ch. 426, § 6. N.D.C.C. § 43–17–32.1 addresses the "situation where the time required to follow the provisions of the administrative procedures act before imposing any disciplinary action might put members of the public at an unnecessary, unreasonable risk." Testimony of Rep. Ken Svedjan on H.B. 1331, Senate Human Services Committee, 53rd Leg. (Mar. 3, 1993). The purpose of the 1993 amendment was "to clarify the court's responsibility on appeal from an ex parte suspension effected by the board under the statute." Testimony of Rep. Svedjan of Mar. 3, 1993.

█ In enacting N.D.C.C. § 43–17–32.1, we conclude the legislature specifically intended temporary suspensions would not be "final orders." Because temporary suspension of Bland's license was not a final order, the appeal is not under the Administrative Agencies Practice Act and the requirements of N.D.C.C. ch. 28–32 do not apply. *See* N.D.C.C. § 28–32–15(3)(a) (only final orders of an agency can be appealed to the district court). We conclude the Administrative Agencies Practice Act does not apply to appeals from orders temporarily suspending a physician's license under N.D.C.C. § 43–17–32.1. N.D.C.C. § 43–17–32.1(4) does, however, specifically refer to appeals to the district court. Although not governed by the Administrative Agencies Practice Act, the legislature clearly intended temporary suspensions under N.D.C.C. § 43–17–32.1 to be appealable.

3

For appeals under the Administrative Agencies Practice Act, the agency is required to file a certified record with the court when an agency decision is appealed. N.D.C.C. § 28–32–17. The district court reviews the decision of the agency based "only on the

record filed with the court." N.D.C.C. § 28–32–19. Under the Administrative Agencies Practice Act, "the agency record constitutes the exclusive basis for administrative agency action and judicial review of an administrative agency action" unless "another statute provides otherwise." N.D.C.C. § 28–32–17(5). Although N.D.C.C. § 28–32–19 generally governs the district court's review of an administrative agency decision, *Wendt v. North Dakota Workers Compensation Bureau,* 467 N.W.2d 720 (N.D.1991), the Administrative Agencies Practice Act does not apply here. The Board was not required to provide a certified record on appeal to the district court of a temporary suspension under N.D.C.C. § 43–17–32.1.

B

The appropriate standard of review in this case is whether the agency's action was "reasonabl[e] or arbitrar[y]." N.D.C.C. § 43–17–32.1(4). The district court applied the correct standard and found the temporary suspension was reasonable and not arbitrary.

IV

◼ We next address whether the decision of the district court is appealable to this Court. "The right of appeal in this state is statutory and is a jurisdictional matter." *Raboin* at 331. "Before we consider the merits of an appeal we must have jurisdiction, and if there is no right to appeal we must dismiss." *Raboin.*

A

Ordinarily, this Court has jurisdiction to hear appeals from administrative agency orders under N.D.C.C. § 28–32–21. *Walton v. North Dakota Dep't of Human Serv.,* 552 N.W.2d 336 (N.D.1996). Because this case is not governed by the Administrative Agencies Practice Act, we do not have jurisdiction under N.D.C.C. § 28–32–21.

◼ Under N.D.C.C. § 43–17–32.1(4), "the district court shall decide whether the board acted reasonably or arbitrarily." N.D.C.C. § 43–17–32.1(4) does not address the issue of appeals to this Court. If a statute "expressly confers appellate jurisdiction" upon the district court and expressly prohibits any further appeal, such a prohibition "wholly exclude[s] the North Dakota Supreme Court from the appeal process." *State v. Walch,* 499 N.W.2d 602, 603 (N.D. 1993)[1]; *see also State v. Silkman,* 317 N.W.2d 124, 125 (N.D.1982) ("no appeal will lie from a judgment of the district court, with or without a jury, in a non-criminal traffic case"). When the legislature wants to prohibit appeals to this Court, the legislature will expressly include that language in the statute. *Walch; Silkman.* Because N.D.C.C. § 43–17–32.1(4) does not expressly prohibit appeals to this Court, we conclude the legislature did not intend to forbid such appeals.

B

◼ In reviewing an administrative agency decision under the Administrative Agencies Practice Act, "we determine whether the agency's findings of fact are supported by a preponderance of the evidence, whether its conclusions of law are supported by its findings of fact, and whether its decision is in accordance with the law." *Walton* at 338; N.D.C.C. §§ 28–32–19 and 28–32–21. This case, however, is not governed by the Administrative Agencies Practice Act, and the standard of review applied by the district court is whether the Board acted reasonably or arbitrarily. N.D.C.C. § 43–17–32.1(4). Because the legislature has specified the scope of appellate review under N.D.C.C. § 43–17–32.1(4), we conclude our standard of review is also to determine whether the Board's action was reasonable or arbitrary.[2]

---

1. The statute at issue in *Walch* allowed a person who was found to have committed a noncriminal traffic offense, "may, without payment of a filing fee, appeal that finding to the district court or county court for trial anew. If, after trial in the appellate court, the person is again found to have committed the violation, there may be no further appeal." N.D.C.C. § 39–06.1–03(5)(a).

2. Under the Administrative Agencies Practice Act, the standard of review of the district court is the same as our standard of review. *Wendt* at 725.

C

█ The evidence presented to the Board consisted of a number of affidavits along with an inventory list and videotape of the contents of the storage shed. The evidence indicated Bland had a friend rent the shed for him; the shed contained poisons and other chemicals, explosive devices, and literature on the use of these materials; and Bland was the only person with access to the shed. The Board found an imminent and substantial risk to the public if Bland's license were not suspended. Considering the evidence before the Board, we conclude the findings and order of the Board was reasonable and not arbitrary.

V

We affirm the order of the district court.

NEUMANN, MARING, MESCHKE, JJ., and VANDE WALLE, C.J., concur.