2003 ND 62

**Brian HENRY, Petitioner and Appellant**

v.

**SECURITIES COMMISSIONER FOR the STATE of North Dakota, Respondent and Appellee.**

**Gerald Henry, Petitioner and Appellant**

v.

**Securities Commissioner for the State of North Dakota, Respondent and Appellee.**

**Dennis Skarphol, Petitioner and Appellant**

v.

**Securities Commissioner for the State of North Dakota, Respondent and Appellee.**

Nos. 20020155–20020157.

Supreme Court of North Dakota.

April 15, 2003.

Michael Ray Hoffman, Bismarck, for petitioners and appellants.

Matthew Otto Bahrenburg, Special Assistant Attorney General, Securities Commissioner's Office, Bismarck, for respondent and appellee.

MARING, Justice.

[¶ 1] Brian Henry, Gerald Henry and Dennis Skarphol appealed from a district court order affirming the Securities Commissioner's decision denying their motions to dismiss cease and desist orders. We conclude the Commissioner's decision is not a "final order" under N.D.C.C. § 28–32–42 and is not appealable, and we, therefore, vacate the district court order affirming the Commissioner's decision and dismiss the appeals.

I

[¶ 2] On April 10, 2001, the Commissioner issued cease and desist orders against the Henrys, Skarphol and others for alleged violations of N.D.C.C. ch. 10–04. The orders directed them to stop selling unregistered securities, to stop defrauding North Dakota investors, and to stop selling securities unless they were registered as dealers. The cease and desist orders stated the Commissioner "expressly reserves the authority to assess civil penalties" for violation of the law and informed the Henrys and Skarphol that they could request hearings if written requests were made within 10 days after receipt of the orders. On April 19, 2001, the Henrys and Skarphol timely requested hearings.

[¶ 3] Section 10–04–16(1), N.D.C.C., which authorizes the Commissioner to issue cease and desist orders, provides that "[s]ubsections 2, 3, and 4 of section 10–04–12 apply to any hearing conducted under this subsection." Section 10–04–12(2), N.D.C.C. provides:

2. Whenever a person requests a hearing in accordance with this section, the commissioner shall immediately set a date, time, and place for the hearing and shall notify the person requesting the hearing. The date set for the hearing must be within thirty days, but not earlier than fifteen days, after the request for hearing has been made, unless otherwise agreed to by both the commissioner and the person requesting the hearing.[1]

[¶ 4] The Commissioner did not request an Administrative Law Judge ("ALJ") to conduct hearings for the Henrys and Skarphol until June 22, 2001, more than two months after their requests for hearings were made. On July 11, 2001, the Henrys and Skarphol moved the ALJ to dismiss the administrative actions against them based on the Commissioner's failure to abide by the time limits set forth in N.D.C.C. § 10–04–12(2). The ALJ de-

1. The 58th Legislative Assembly passed, and the Governor recently signed, S.B. 2084, which amends N.D.C.C. § 10–04–16. Section 12 of the bill amends N.D.C.C. § 10–04–16(1) to delete the applicability of N.D.C.C. § 10–04–12(2) "to any hearing conducted under this subsection," and adds the language, "[i]f a request for hearing is made under this subsection, the commissioner shall schedule a hearing within a reasonable time."

nied the motions to dismiss and the Commissioner adopted the ALJ's decision. The Henrys and Skarphol appealed to the district court, which affirmed the Commissioner's order. On appeal to this Court, the Henrys and Skarphol contend the administrative actions against them should be dismissed because the Commissioner violated N.D.C.C. § 10–04–12(2) by failing to set the hearings within 30 days of their requests.

## II

[¶ 5] Before we consider the merits of an appeal, we must have jurisdiction. *Nodak Mut. Ins. Co. v. Stegman*, 2002 ND 113, ¶ 6, 647 N.W.2d 133. Although the parties did not question the appealability of the Commissioner's order in district court, we must dismiss an appeal on our own motion if we conclude that we do not have jurisdiction. *See Johnson v. Raftevold*, 505 N.W.2d 110 (N.D.1993); *Regstad v. Steffes*, 433 N.W.2d 202, 203 (N.D.1988); *Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507, 509 (N.D.1974).

[¶ 6] Appealability of the Commissioner's decisions is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *See In re Juran and Moody, Inc.*, 2000 ND 136, ¶ 6, 613 N.W.2d 503. Section 28–32–42(1), N.D.C.C., authorizes appeals to the district court from final orders of an administrative agency, *see Gross v. North Dakota Dep't of Human Services*, 2002 ND 161, ¶ 5, 652 N.W.2d 354, and states that "[a]ny party to any proceeding heard by an administrative agency, except when the order of the administrative agency is declared final by any other statute, may appeal from the order within 30 days after notice of the order has been given as required by section 28–32–39." An "order" is defined in N.D.C.C. § 28–32–01(7) as "any agency action of particular applicability which determines the legal rights, duties, privileges, immunities, or other legal interests of one or more specific persons." Section 28–32–42(3)(a), N.D.C.C., emphasizes that "[o]nly final orders are appealable. A procedural order made by an administrative agency while a proceeding is pending before it is not a final order."

[¶ 7] The requirement of a "final order" for appealability purposes has long been a feature of the Administrative Agencies Practice Act. *See Colgate–Palmolive Co. v. Dorgan*, 225 N.W.2d 278, 280 (N.D. 1974); *Langer v. Gray*, 73 N.D. 437, 442, 15 N.W.2d 732, 734 (1944). This Court explained in *Colgate–Palmolive Co.*, 225 N.W.2d at 280:

> There are many decisions and actions taken in the course of an administrative proceeding which are not subject to review by the courts. A proceeding might be delayed interminably if every ruling on evidence or procedure was the subject of an appeal to the district court. The hearing must proceed to some conclusion in order that the whole of the actions taken on the record accumulated may be reviewed in the course of an appeal. Matters must be ripe for review to avoid squandering judicial time and machinery on abstract or remote problems rather than those that are substantial and present.

Generally, we consider an administrative agency decision to be final if it "terminate[s] the issue," leaving the agency with "nothing more to decide." *Ash v. Traynor*, 2000 ND 75, ¶ 3, 609 N.W.2d 96.

[¶ 8] Our view of administrative finality mirrors this Court's treatment of final orders or judgments under N.D.C.C. § 28–27–02. This Court has said that "only those judgments and decrees which constitute a final determination of the rights of the parties to the action and those orders enumerated in N.D.C.C. § 28–27–02 are

appealable." *Mitzel v. Schatz,* 167 N.W.2d 519, 524 (N.D.1968). See also *Triple Quest, Inc. v. Cleveland Gear Co., Inc.,* 2001 ND 101, ¶ 8, 627 N.W.2d 379 (holding order dismissing action without prejudice based on contractual forum selection clause is final and appealable because it terminates the litigation in the plaintiff's chosen forum); *Wyatt v. R.D. Werner Co., Inc.,* 524 N.W.2d 579, 580 (N.D.1994) (holding an order denying a non-party's motion to intervene is appealable because it effectively concludes the proceedings for intervention and prevents the movant from becoming a party to the original action); *Industrial Comm'n of North Dakota v. Kuntz,* 486 N.W.2d 249, 251 (N.D.1992) (holding order partially vacating a judgment was not appealable because it "does not provide the ultimate decision" in the case and questions remained before the district court); *Ceartin v. Ochs,* 479 N.W.2d 863, 865 (N.D. 1992) (holding order granting a new trial is not a final appealable order because it "does not terminate the action or any of the claims or parties in the action"); *Gillan v. Saffell,* 395 N.W.2d 148, 149 (N.D. 1986) (holding an order denying a motion for summary judgment is interlocutory and not appealable).

[¶ 9] In line with this reasoning, this Court has consistently held that a denial of a motion to dismiss a cause of action is not final and appealable under N.D.C.C. § 28–27–02. *See, e.g., Klindtworth v. Burkett,* 477 N.W.2d 176, 178 n. 1 (N.D.1991). In *Dimond v. State ex rel. State Bd. of Higher Educ.,* 1999 ND 228, ¶ 12, 603 N.W.2d 66, we explained:

> In *Security Nat'l. Bank of Fargo v. Bothne,* 56 N.D. 269, 217 N.W. 148, 149 (1927), this Court held the denial of a motion to dismiss is a non-appealable interlocutory order. We also specifically

have held the denial of a motion to dismiss for lack of jurisdiction is non-appealable. *Blue Arm v. Volk,* 254 N.W.2d 427, 428 (N.D.1977); *Grenz v. O'Rourke,* 235 N.W.2d 881, 884 (N.D. 1975). In addition, our court previously considered N.D.C.C. § 28–27–02(5), the very subsection cited by the Board, explicitly concluding the denial of a motion to dismiss for lack of jurisdiction does not involve the merits of a claim. *Schaff v. Kennelly,* 69 N.W.2d 777, 779–80 (N.D.1955). Rather the denial of a motion to dismiss, like the denial of a motion for summary judgment, is "merely interlocutory and, leaving the case pending for trial, it decides nothing, except that the parties may proceed with the case." *Rude v. Letnes,* 154 N.W. 2d 380, 381(N.D. 1967).

*See also Imperial Oil of North Dakota v. Hanson,* 510 N.W.2d 598, 601 (N.D.1994) (noting "[e]ven a jurisdictional reason does not normally warrant an intermediate appeal"); *Newman v. Hjelle,* 133 N.W.2d 549, 554 (N.D.1965) (holding a decision denying a motion to dismiss an action for lack of personal and subject matter jurisdiction is not appealable); *Beresina Sch. Dist. No. 23 v. Steinwandt,* 60 N.D. 458, 459, 235 N.W. 348 (1931) (noting an order refusing to dismiss an action for want of jurisdiction is not appealable).

[¶ 10] The Henrys and Skarphol argue the Commissioner "lost jurisdiction over them" by failing to set their hearings within the time limits specified in N.D.C.C. § 10–04–12(2), and "they should not be required to defend an untimely and, perhaps costly, litigation against them." We will assume, for purposes of argument only, that N.D.C.C. § 10–04–12(2) implicates the Commissioner's jurisdiction to proceed.[2] However, the Henrys and Skar-

---

**2.** This Court has indicated, unless a statute

imposing a time limit declares that the time

phol have not advanced any reasons why we should treat the appealability of orders affecting the jurisdiction of an administrative agency under N.D.C.C. § 28–32–42(3)(a) differently than we treat the appealability of orders affecting the jurisdiction of a court under N.D.C.C. § 28–27–02. The Henrys and Skarphol's reliance on *Bland v. Commission on Med. Competency*, 557 N.W.2d 379 (N.D.1996), is misplaced. In *Bland*, 557 N.W.2d at 383, we held that an order temporarily suspending a physician's license under N.D.C.C. § 43–17–32.1 was not a "final order" appealable under N.D.C.C. ch. 28–32, but concluded the order was made appealable by N.D.C.C. § 43–17–32.1 because the statute specifically referred to appeals to the district court. Unlike the statute at issue in *Bland*, N.D.C.C. § 10–04–12 does not expressly confer appellate jurisdiction to either the district court or this Court.

 [¶ 11] We conclude the Commissioner's order denying the motions to dismiss is interlocutory and is not a "final order" under N.D.C.C. § 28–32–42(3)(a). The order "decides nothing, except that the parties may proceed with the case." *Rude v. Letnes*, 154 N.W.2d 380, 381 (N.D. 1967). Nonappealable orders may be reviewed upon an appeal from the Commissioner's final order. *See, e.g., Berg v. Dakota Boys Ranch Ass'n*, 2001 ND 122, ¶ 6, 629 N.W.2d 563; *In re Ketterling*, 515 N.W.2d 158, 161 (N.D.1994); *Newman*, 133 N.W.2d at 554. We decline the Commissioner's invitation to nevertheless review the merits of the appeal. The parties have not requested that we issue a supervisory writ, and, in any event, the requirements for a supervisory writ are not present in this case. *Compare Dimond*, 1999 ND 228, ¶ 19, 603 N.W.2d 66. Thus, any views we might express on the merits would be simply advisory and nonbinding. *See In re McCabe*, 5 N.D. 422, 425, 67 N.W. 143, 144 (1896). Because the Commissioner's order is not appealable, neither the district court nor this Court has jurisdiction to review it.

### III

[¶ 12] We vacate the district court order affirming the Commissioner's decision and dismiss the appeals.

[¶ 13] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN and CAROL RONNING KAPSNER, JJ., concur.

[¶ 14] The Honorable RALPH ROBERT ERICKSON, D.J., sitting in place of SANDSTROM, J., disqualified. Judge ERICKSON resigned effective March 14, 2003, and did not participate in this decision.

---

limit is jurisdictional, we will not treat the time limit as affecting the jurisdiction of a court or administrative agency. *See In Interest of P.L.P.*, 556 N.W.2d 657, 659 (N.D.1996); *Greenwood v. Moore*, 545 N.W.2d 790, 795–96 (N.D.1996); *In Interest of Nyflot*, 340 N.W.2d 178, 183 (N.D.1983).