# GEORGE A. SCOFIELD v. S. A. WILCOX.

### (156 N. W. 918.)

**Sheriff — salary — mileage — deputy — work performed by — mileage fees belong to deputy.**

Construing § 3521 of the Compiled Laws of 1913, which provides that "in addition to the salary prescribed in the preceding section, the sheriff or his deputy or deputies shall be allowed ten cents per mile for each and every mile actually and necessarily traveled in the performance of their official duties," it is held that the 10 cents mileage belongs to the deputy, and not to the sheriff, where the work is done and the distance is actually and necessarily traveled, not by the sheriff, but by such deputy.

Opinion filed February 17, 1916.   Rehearing denied March 13, 1916.

Appeal from the District Court of Renville County.  *F. E. Fisk,* Special Judge.  Action to recover from sheriff mileage collected by such sheriff for distance traveled by his deputy.  Judgment for plaintiff. Defendant appeals.

Affirmed.

*Grace & Bryans,* for appellant.

The office of sheriff is on a salary basis, and all fees earned belong to the county, excepting mileage and livery hire.  Comp. Laws 1913, § 3520.

The mileage allowed is 10 cents per mile actually and necessarily traveled.  Comp. Laws 1913, § 3521.

The sheriff or his deputy is also allowed to charge not to exceed $5 per day for livery hire.  Comp. Laws 1913, § 3522.

All these mileage fees and *per diem* allowances belong to the sheriff, whether the work is performed by him in person or by one of his deputies.  None of this work is done by an individual; whether by the sheriff or by a deputy, it is official work, done by and through such office, and all such fees and earnings belong to the sheriff, and not to the deputy who may perform the work, but in the sheriff's name.  35 Cyc. 1557; Sargent v. La Plata County, 21 Colo. 158, 40 Pac. 366; Chicago & A. R. Co. v. Dunning, 18 Ill. 494; Chipman v. Wayne County Auditors, 127 Mich. 490, 86 N. W. 1024.

This applies only to the mileage, because the *per diem* allowance is for an actual disbursement, and is presumed to be an expense, and not earnings, and covered by the statute as a reimbursement. 35 Cyc. 1593, under subdiv. "F;" Sargent v. La Plata County, 21 Colo. 158, 40 Pac. 369.

A deputy sheriff is not an official of the county—only as he acts in the name of the sheriff. Wilson v. Russell, 4 Dak. 376, 31 N. W. 649; Summerfield v. Sorrenson, 23 N. D. 460, 42 L.R.A.(N.S.) 877, 136 N. W. 938.

*Francis J. Murphy,* for respondent.

The sheriff is now limited to a specific salary. Under the present law his deputies are paid a salary by the county. Formerly, the appointment and compensation of deputies were purely matters of private arrangement between them and the sheriff. Comp. Laws 1913, §§ 3520–3526; Laws 1909, chap. 120; Comp. Laws 1913, §§ 701, 702; Rev. Codes 1905, §§ 433, 434.

The present law provides that the sheriff, or his deputy or deputies, shall be allowed 10 cents per mile for distance necessarily traveled in the performance of official duties. The sheriff is authorized to appoint special deputies in cases of emergency, and the law fixes their pay at $3 per day, plus the same mileage as is allowed regular deputies, to be paid by the county. Comp. Laws 1913, §§ 3520–3526.

The following cases cited by counsel for appellant have no application. They only relate to the question of the power of a deputy to act in his own name. Wilson v. Russell, 4 Dak. 376, 31 N. W. 649; Summerville v. Sorrenson, 23 N. D. 460, 42 L.R.A.(N.S.) 877, 136 N. W. 938.

BRUCE, J. The only question in this case is whether under the provisions of §§ 3520–3525 of the Compiled Laws of 1913, a sheriff is entitled to keep for himself the mileage paid for the distance traveled in the performance of the official duties of his deputy, or whether such mileage belongs to the deputy, and to the deputy alone.

The plaintiff in this case traveled 6,179 miles while in the employ of the sheriff as deputy, and the defendant sheriff allowed and paid him all his expenses such as livery hire, gasolene, and other expenses, but collected and retained for himself the 10 cents per mile which is allowed by § 3521 of the Compiled Laws of 1913.

Section 3521 of the Compiled Laws of 1913 provides: "In addition to the salary prescribed in the preceding section the sheriff or his deputy or deputies shall be allowed 10 cents per mile for each and every mile actually and necessarily traveled in the performance of their official duties." It would appear from the wording of the section that the deputy, and not the sheriff, is entitled to this mileage. Counsel for appellant, however, argues that there is no such office as that of deputy sheriff; that "the deputy is not an officer of the county, but is employed by the sheriff as his deputy, and the county paid him as such deputy the sum of $90 per month for his services. Therefore he is the deputy of the sheriff and working for the sheriff, and the fees that he might make in the office would be handed to the sheriff, and the sheriff would pay them into the county, together with his fees, and any mileage that he might make would be made for the sheriff, and the sheriff would collect them and retain them as his mileage fees." In support of this proposition he cites Wilson v. Russell, 4 Dak. 376, 31 N. W. 649, and might also have cited Summerville v. Sorrenson, 23 N. D. 460, 42 L.R.A. (N.S.) 877, 136 N. W. 938.

We do not believe, however, that he is correct in his contention. The cases cited merely hold that the official acts of a deputy sheriff are the acts of the sheriff, and that as an officer he is not known to the law. They fall far short of holding, however, that he is not to a certain extent a public employee, and that the public has not the right to fix his compensation and his emoluments.

That the legislature has done this, and that this is its intention, there can be but little question. Not only is the language of § 3521 of the Compiled Laws of 1913 clear upon its face, but the deputy sheriff is specifically recognized as an employee of the state or county, and not of the sheriff, by the fact that his salary is fixed by the legislature, which has provided that he shall be paid, not by the sheriff, but out of the public funds. See Comp. Laws 1913, § 3523. In commissioner districts that compensation is to be fixed by the commissioners at not less than $60 nor more than $100 per month, except in counties of more than 33,000 inhabitants, where the salary is fixed at $125 per month. It is true that such deputy is appointed by the sheriff, but a resolution of the board of county commissioners is a prerequisite to such appointment, at any rate if the public funds are sought to be resorted to. It is

33 N. D.—16.

also true that in these commissioner districts where a salaried deputy is not located or provided for, it is the duty of the sheriff to appoint at least one deputy without any such resolution, but the statute strictly fixes his compensation, and it is noticeable that such compensation is fixed at "such mileage and livery fees only as are now provided by law." In addition to this, § 3524 provides that "in case of any emergency the sheriff shall have the authority to appoint and qualify special deputies in such numbers as, in his judgment, the conditions may require, and each of such special deputies shall receive as compensation for *his services* the sum of $3 per day and *the same mileage as allowed to regular deputies,* to be paid by the county. The sheriff shall have the sole power of appointing and removing them at pleasure." The language of these two sections must be taken into consideration when construing § 3521, and no one can read them without coming to the conclusion that not only was the deputy sheriff considered by the legislature as a public employee, but that the mileage was considered and provided as a means of compensation to him and to him alone. The closing paragraph of § 3523 says: "Whose compensation shall be such mileage and livery fees only as are now provided by law," while in § 3524 we find the words: "And . . . such special deputy shall receive as compensation for his services the sum of $3 per day and *the same mileage as allowed to* regular deputies to be paid by the county."

When using the words, "as allowed to regular deputies," the legislature must be deemed to have spoken advisedly, and to have given their own construction to § 3521, which was part of the same general act. (Chapter 275 of the Laws of 1911.) They said: "Allowed to regular deputies." They did not say: "Allowed to to the sheriff for the work and travel of his deputies."

We are satisfied that the deputy is entitled to the mileage of 10 cents per mile for the distance actually and necessarily traveled, and that the judgment of the district court should be affirmed. In coming to this conclusion we are not only stating our own opinions, but that expressed by the legal department of this state in at least three written opinions. One of these opinions was filed on January 10, 1913, and signed by Assistant Attorney General C. L. Young; another was filed on January 12, 1914, and was signed by Attorney General Andrew Miller. The other was filed on November 7, 1913, and was signed by Assistant

Attorney General John Carmody and Assistant Attorney General Alfred Zuger concurring.

All of these opinions came to the same conclusion that we have reached in so far as the question as to whom the *mileage* belongs, and it is a fact worth noticing that all of them were filed in ample time for the legislature to have expressed itself upon the matter at the 1915 session if the opinions as filed misstated its intention. See Biannual Report of Attorney General for 1913–1914, pages 175, 177 and 181.

The judgment of the District Court is affirmed.

Goss, J., dissenting. I believe the legislature never intended to place deputy sheriffs, receiving the salary provided from the county, as coordinate officers with their principal and entitled to the mileage. That has always gone with the office to the officeholder, the principal. The main opinion quotes but a portion of the statute. It is significant that the statute discriminates between salary and mileage, and intentionally so. Both the sheriff and his deputies are paid a salary from the county. That signifies nothing as to mileage, a separate matter. From the salary provisions alone it cannot be said that the mileage is not a perquisite of the office of sheriff. It always has been, and the mere change of the office from a fee paid office to a salary and fee paid office signifies nothing as to mileage, which is a charge in the nature of fees. For years before this statute the sheriff's office, and the sheriff as the incumbent thereof, received remuneration from various sources, among them fees for service of papers now turned over to the county; another item of income was livery hire, a recognized taxable charge wholly independent of mileage and in the nature of a repayment for disbursements incurred, but in reality, as is a matter of common knowledge, a considerable source of income over disbursements; another source of revenue to the office and its incumbent was mileage at 10 cents per mile for travel. Whether collected of private citizens for service of papers or of the county in criminal matters, this has always gone heretofore to the sheriff, and not to the deputies, except as the principal might consent or apportion to them such part of mileage earned by them as he might see fit to allow his deputies as a remuneration. Then, too, every act of the deputy to be an official act must be done in the name of the sheriff and constitute the sheriff's act alone. In law the deputy could not act independent

of the principal, or except as his act constituted that of the principal. Hence he was not required to give a bond as a public officer to the county or the state, but instead, recognizing the principal's liability for the deputy's acts, the principal is empowered, but not required, to accept the deputy's bond to himself individually merely, as indemnity to him for acts committed by the deputy in his name, or for which he, the principal, is responsible. Likewise every bill for mileage or disbursements incurred by the deputy, and otherwise a valid charge against the county or an individual, must be charged in the name of and as the charge of the principal against the county or the individual, and for which charge the sheriff or his bond is liable. if the same be invalid. In all such matters such an officer as a deputy sheriff is unknown to the law, and it still is nonexistent, except as to salary and compensation. It is a mere employment. The incumbent is but the deputy, the agent if you please, the other self of the principal, the sheriff; but yet under the holding of the majority, an ambiguous statute is so construed as to fail to recognize the effect of well-known facts and principles of law, and turn over to the deputy of the sheriff mileage accruing as a recompense to the sheriff's office. If the mileage belongs to the deputy simply because he performed his principal's duties as a deputy of the principal, then consistency in reasoning requires that he, though not an officer and but a mere deputy of an officer, shall nevertheless present his bill for mileage to the county commissioners, regardless of the approval or disapproval of the principal in the performance of whose duties the mileage was incurred, and would constitute the same a charge in favor of the deputy individually and against the county, and to be paid not by the county to the sheriff's office, but to the individual who happened to be deputy of a sheriff and performed the travel. And this, too, when such individual making the charge has no bond to the county to insure against overcharge or inflation of bills on his part. The county, therefore, being obliged to pay him independent of any act of approval or disapproval; from the sheriff, the latter can escape responsibility for the acts of his deputy, something never dreamed of and sufficient in itself to condemn as unsound the opinion of the majority in this case. The tendency of all government is to, in every instance, have responsibility fixed upon a responsible head. This decision flies in the teeth of this principle.

Nor is it enough to say that the statute can be read to support the

opinion as written. It is the legislative intent that is the inquiry, to be determined under the known usage and custom theretofore prevailing in the sheriff's office concerning the matters covered by the legislation in question. And when so considered and the whole statute read together, it is wholly unnecessary (1) to assume that the deputy of this particular officer should be considered as an independent official possessing rights of compensation from the income of the office of his principal, and to that extent co-ordinate and independent of the principal, as illustrated by this suit by the deputy against the principal for a portion of the income of that office under a claim of individual ownership of it; and (2) it is wholly unnecessary to assume that, because the statutes have in terms authorized a charge by the deputies as well as the sheriff of mileage, that it was thereby intended to do more than to empower the deputy to make such a charge in the name of his principal and for the office. On the contrary, the opinion assumes that because the deputies are authorized to charge, by the language "shall be allowed 10 cents per mile for each and every mile actually and necessarily traveled in the performance of any of their official duties," that they thereby own and can appropriate such mileage to themselves. No other deputy of any county official, though authorized to charge, can thus assume ownership of the funds of his principal. It is true that by chapter 270 of the Session Laws of 1913 the legislature amended the 1911 statute to provide for the appointment of other than salaried deputies. Certainly until this amendment, it could not be said that deputies were entitled to mileage as against their principal. The portion of that statute emphasized in the majority opinion as all controlling reads: "Provided that the sheriff shall appoint in each commissioner district of his county, except in commissioner districts where a salaried deputy is located, at least one deputy whose compensation shall be such mileage and livery fees only as are now provided by law." The reason for this amendment is easy to find. The primary object uppermost in the legislative mind was that there should be one deputy in each commissioner district to keep down mileage and for the convenience of its citizens. Recognizing that salaried deputies could not be appointed from each commissioner district, this provision for compensation was made for the nonsalaried ones residing away from the county seat, and they were given "such mileage and livery fees only as are now provided by law." The purpose of this

provision was twofold, to prevent their getting a salary as some other deputies were paid, and still at the same time give them some remuneration, was the intent.    There is nothing in this from which it must be said, or must follow, that the salaried deputies must be used the same way and be permitted to appropriate the mileage coming to the sheriff's office, simply because they have performed the duties of that office by travel while upon a salary from the county.    If presumptions are to be indulged in on this question, the natural one would seem to be in accord with the plain English of the act, that the legislature has purposely distinguished between deputies and created salaried and nonsalaried deputies, the former recompensed by the county, the latter by mileage and livery fees.    If it can be inferred that because the nonsalaried deputies are entitled to mileage, that the salaried ones must be, the same reasons would say that the salaried deputies are entitled to livery fees of the sheriff's office as well as mileage, even though the principal furnished the automobile or livery with which the mileage was earned.    If it be said that this cannot be because livery can be no more than a mere recompense for disbursements, the reply is that by the statute itself it is denominated "fees" by the following words, "at least one deputy, whose compensation shall be such mileage and livery fees only as are now provided by law."    The legislature has thus recognized that the livery bill allowed on the mileage basis may contain more than disbursements, and may amount to fees.    If the mileage goes to the salaried deputy simply because the unsalaried one is so recompensed, the *"livery fees"* go by the same proviso to the deputy.    But nothing of the kind was intended, and the foregoing but illustrates the fallacy of the reasoning and unsoundness of the majority opinion in construing these acts with no reference to the practice I believe to have prevailed in the various offices of sheriff in the many counties of this state.    This deputy suing was a salaried one under the stipulation, and earned this mileage in performing the duties of the office of his principal, and in my opinion the mileage belongs to the principal, and not to the deputy.    The contrary holding of the majority invites a lawsuit against not only the sheriffs, but the county as well, by every discharged or disgruntled deputy sheriff. It is a standing invitation for every deputy to present bills in his own name against the counties, who must deal with him, a mere employee, on the basis of an official, but without a bond.    It permits every sheriff

-to disclaim responsibility on his bond every time his deputy desires to mulct the county for mileage. It changes the relation of the deputy -to his principal, making him to a large extent independent of the official at whose pleasure he holds his office. All this was never intended, and should not be held as the declared intent of the legislature if the statutes are ambiguous; and to my mind they are. The question is not free from doubt, except when viewed in the light of the conduct of the particular office prior to these statutes, when it would seem to be plain. The holding-should be the other way, and this case should be reversed. I am authorized to say that Justice Burke concurs in this dissent.