John L. PELKEY, Jr., Steven P. Linke, and Edward R. Christianson, Plaintiffs and Appellants,

v.

CITY OF FARGO and Carol Kraft, in her capacity as Assistant City Auditor for the City of Fargo, Defendants and Appellees.

Civ. No. 890345.

Supreme Court of North Dakota.

March 27, 1990.

---

William Kirschner & Associates, Fargo, for plaintiffs and appellants; argued by Thomas A. Dickson, of Lundberg, Nodland, Schulz, Lervick, Tharaldson & Dickson, P.C., Bismarck, on behalf of William Kirschner.

Wayne O. Solberg (argued), Fargo, for defendants and appellees.

ERICKSTAD, Chief Justice.

John L. Pelkey, Jr., Steven P. Linke, and Edward R. Christianson appeal from a district court judgment denying their application for a writ of mandamus. We affirm.

The City of Fargo is a municipal corporation operating under a home rule charter. On December 6, 1988, the voters approved an amendment to the charter authorizing a one-half percent sales and use tax to construct and operate a multi-purpose dome facility. On January 16, 1989, Ordinance No. 2430 was adopted, enacting Article 3-15, of the Fargo Municipal Code, imposing the sales and use tax as authorized by the amended charter.

During August 1989, the petitioners submitted a proposal to repeal the charter authorization for the dome sales and use tax. The Board of City Commissioners refused to submit the proposal to a vote of the electorate. The petitioners then requested the district court to issue a writ of mandamus to compel the City Commission and the City Auditor to submit the repeal proposal to a vote. The district court denied the petitioner's request, concluding that because the people had voted on this issue within the past two years, another vote was currently barred by Section 40-05.1-09, N.D.C.C., which provides:

*"Restriction on proposals to amend or repeal.* Any proposal to amend or repeal home rule charters shall not be submitted to the electorate more often than every two years."

On appeal from the district court's denial of their request for a writ of mandamus, the petitioners assert that Section 40–05.1–09, N.D.C.C., is an unconstitutional restriction on the people's reserved power to initiate legislation under Article III, § 1, of the North Dakota Constitution.

We must first address the City of Fargo's motion to dismiss the appeal for mootness. In December 1989, bonds were sold for construction of the dome facility. The City of Fargo asserts that because those bonds have been issued, the charter and the ordinance establishing the sales and use tax are irrepealable until the bond debt has been paid, in accordance with Article X, § 16, of the North Dakota Constitution:

*"Section 16.* Any city, county, township, town, school district or any other political subdivision incurring indebtedness shall, at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the interest and also the principal thereof when due, and *all laws or ordinances providing for the payment of the interest or principal of any debt shall be irrepealable until such debt be paid."* [Emphasis added.]

■ The bonds were issued pursuant to a resolution adopted by the governing body of the City of Fargo on December 4, 1989. In that resolution the City of Fargo, as the bond issuer, pledged the proceeds from the sales and use tax for payment of the principal and interest on the bonds. Incorporated within the bond documents is a statement that the bonds, and interest thereon, are payable from a fund solely funded from the proceeds of the sales and use tax. Article X, § 16, N.D. Const., unambiguously makes laws and ordinances, which provide for the payment of interest and principal of indebtedness incurred by a city, irrepealable until the debt is paid. Their irrepealability is not contingent upon spending the proceeds of a bond issue, but merely

upon "incurring indebtedness." The City of Fargo incurred a debt when it issued the bonds. Consequently, we agree with the City of Fargo that because the bonds for construction of the dome have been issued the charter provision and implementing ordinance imposing the sales and use tax are irrepealable until the bonds have been paid.

Generally, an appeal will be dismissed if the issues therein become moot or academic, leaving no actual controversy to be determined. *Peoples State Bank v. State Bank of Towner,* 258 N.W.2d 144 (N.D. 1977). An appeal becomes moot when, due to the lapse of time or the occurrence of events prior to the appellate court's determination, the appellate court is unable to render effective relief. *St. Onge v. Elkin,* 376 N.W.2d 41 (N.D.1985). However, we will not dismiss an appeal as moot where the matter in controversy is of such great public interest and the merits of the controversy so unsettled that public policy demands a determination of the issue. *St. Onge, supra.* In *Forum Publishing Company v. City of Fargo,* 391 N.W.2d 169, 170 (N.D.1986), we reiterated the definition of "public interest:"

"We understand 'public interest' to mean more than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question."

■ The overriding issue in this case is whether the legislature is prohibited by our state constitution from enacting laws which impose restrictions or limitations on the people's right to initiate changes to a city charter. The issue raises a potential conflict between the legislature's constitutional right to provide by law for the establishment and government of all political subdivisions under Article VII, § 2, N.D. Const., and the people's right to initiate and refer laws under Article III, § 1, N.D. Const. We conclude that the issue raised is a mat-

ter of great public interest, and we will address it.

The power of the people to initiate and refer legislation is found under Article III, § 1, N.D. Const.:

"*Section 1.* While the legislative power of this state shall be vested in a legislative assembly consisting of a senate and a house of representatives, the people reserve the power to propose and enact laws by the initiative, including the call for a constitutional convention; to approve or reject legislative Acts, or parts thereof, by the referendum; to propose and adopt constitutional amendments by the initiative; and to recall certain elected officials. This article is self-executing and all of its provisions are mandatory. *Laws may be enacted to facilitate and safeguard, but not to hamper, restrict, or impair these powers.*" [Emphasis added.]

The petitioners assert that the powers reserved to the people under Article III, § 1, N.D. Const., include the power to initiate changes to a city's home rule charter, and that the legislature is therefore prohibited from enacting legislation which would restrict or impair the people's right to initiate changes to a home rule charter. More specifically, the petitioners assert that Section 40–05.1–09, N.D.C.C., which prohibits a proposal to amend or repeal a home rule charter from being submitted to the electorate more often than every two years, is an unconstitutional enactment by the legislature because it is a restriction on the people's power to initiate legislation under Article III, § 1, N.D. Const.

■ The sole object in construing a constitutional provision is to ascertain and give effect to the intention and purpose of the framers and the people who adopted it, and such intention and purpose are to be found in and deduced from the language of the constitution itself. *Dawson v. Tobin,* 74 N.D. 713, 24 N.W.2d 737 (N.D.1946). In construing constitutional provisions we generally apply principles of statutory construction, giving effect and meaning to every provision and reconciling, if possible, apparently inconsistent provisions.

*McCarney v. Meier,* 286 N.W.2d 780 (N.D. 1979). Constitutional provisions must be considered as a whole and each section must be harmonized to give effect to each of its provisions whenever fairly possible. *State v. Anderson,* 427 N.W.2d 316 (N.D. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 491, 102 L.Ed.2d 528 (1988).

■ When we read and construe together the sections of Article III, N.D. Const., it is clear that the power reserved to the people to initiate and refer laws applies only to state laws, not local laws. Article III, § 1, N.D. Const., provides that the legislative power "of this state" is vested in a legislative assembly but that the people reserve the power "to propose and enact laws by the initiative" and to "approve or reject legislative Acts, or parts thereof, by the referendum." In *Dawson v. Tobin, supra,* 24 N.W.2d at 745, this court concluded that the powers of the people to refer laws extended to any measure enacted by the legislature:

"The constitutional provisions reserving the powers of the initiative and referendum to the people of this state ... are not couched in doubtful or ambiguous terms.

\* \* \* \* \* \*

"This language is clear and specific. The scope of the power of the referendum as here stated is as broad as the power of the legislature to enact laws.

\* \* \* \* \* \*

"Indeed, there is no contention that anything said in the constitution limits the power of the referendum or prevents it from being invoked against any measure enacted by the legislature and against any and every part of any measure enacted by the legislature."

Other sections of Article III, N.D. Const., demonstrate that a petition to initiate or refer a measure, by a person exercising the powers reserved under the provision, must involve a state law voted upon by the electors of this state in a statewide election:

"*Section 4.* The petition may be submitted to the secretary of state if signed

by electors equal in number to two percent of the resident population of the state at the last federal decennial census."

"Section 5. An initiative petition shall be submitted not less than ninety days before the statewide election at which the measure is to be voted upon.... A referred measure may be voted upon at a statewide election or at a special election called by the governor."

Article III, N.D. Const., clearly does not encompass initiative or referendum of local laws or ordinances. It speaks directly and specifically of the legislative power of this "state," vested in our state legislative assembly, but reserving to the people the power to initiate and refer state laws to be voted upon in a statewide election. See Haugland v. Meier, 339 N.W.2d 100 (N.D. 1983). The requirements of "statewide" elections on initiated and referred measures and of petitions signed by two percent of the entire state's population are inconsistent with initiating or referring local issues. We hold that the power of the people to initiate and refer legislation under Article III, § 1, N.D. Const., does not include a reserved power to initiate or refer local laws or ordinances. Accordingly, we hold that Section 40–05.1–09, N.D.C.C., does not contravene Article III, § 1, N.D. Const.

 Our interpretation of Article III, § 1, N.D. Const., is consistent with the language of Article VII, § 2, N.D. Const., which gives the legislative assembly power to provide by law for the establishment and government of all political subdivisions. Whatever powers a home rule city may have are based upon statutory provisions. Litten v. City of Fargo, 294 N.W.2d 628 (N.D.1980). The legislature's power to enact laws for the government of political subdivisions includes the power to legislate how home rule charters may be enacted, amended, or repealed. The legislature acted within its authority in enacting a time restriction under Section 40–05.1–09, N.D.C.C., for reconsidering proposals to amend a home rule charter.

This court will not overturn a trial court's denial of a request for a writ of mandamus unless the trial court has abused its discretion. Feldhusen v. Beach Public School District No. 3, 423 N.W.2d 155 (N.D.1988). The petitioners have not persuaded us that the trial court abused its discretion in denying their request for a writ of mandamus. Accordingly, the judgment of the district court is affirmed.

GIERKE and MESCHKE, JJ., concur.

LEVINE, J., disqualified herself subsequent to oral argument.

VANDE WALLE, Justice (dissenting in part and concurring in part).

I do not agree that this appeal is moot because the bonds have been issued by the City of Fargo. Article X, § 16 of the North Dakota Constitution does specify that "all laws or ordinances providing for the payment of the interest or principal of any debt shall be irrepealable until such debt be paid." But the purpose of such provision is obvious, i.e., to protect the bondholders. See generally 64 Am.Jur.2d Public Securities and Obligations § 50, et seq. (1972). When, such as here, the proceeds of the bonds have not yet been expended for the purpose for which they were issued and are thus available to repay the bondholders, should the project not be constructed, the bondholders are protected and the purpose of Article X, § 16, is accomplished. I cannot acquiesce in a decision which holds that under these circumstances the courts are powerless to correct any wrongs which may have occurred prior to the issuance of the bonds when those corrections can be made without detriment to the holders of the bonds. Cf. Werner v. Riebe, 70 N.D. 533, 296 N.W. 422 (1941).

The majority opinion would encourage a municipality which may have committed errors in its proceedings to issue bonds with unseeming haste in order to avoid any challenge to the validity of the proceedings although it intends to hold the proceeds in a special fund for some time because it is not yet prepared to proceed with the improvement for which the bonds were issued. A similar purpose may have existed

here and it ill serves the municipality and the public's respect for the law to stifle dissent and opposition to a project with such ploys. When the interests of bondholders are protected because the proceeds of the bonds are still available for their payment, we ought not conclude that we are powerless to protect the interests of residents and taxpayers of the municipality under the guise that the issues are moot because of Article X, § 16, of the North Dakota Constitution.

I am in complete agreement with the conclusion of the majority opinion that Article III of the North Dakota Constitution applies only to State, not local, laws, and that § 40–05.1–09, NDCC, is not an unconstitutional restriction of the people's reserved power to initiate legislation under that Article.

I therefore concur that the district court judgment be affirmed.