2014 ND 207

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Samuel LEPPERT, Defendant and Appellant.**

**No. 20140087.**

Supreme Court of North Dakota.

Nov. 12, 2014.

Alexander J. Stock, Assistant State's Attorney, Courthouse, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Samuel W. Leppert, self-represented, LaMoure, ND, defendant and appellant; submitted on brief.

KAPSNER, Justice.

[¶ 1] Sam Leppert appeals from a district court judgment finding him guilty of driving without liability insurance. Because a noncriminal traffic case may not be appealed to this ·Court, we dismiss Leppert's appeal.

[¶ 2] On September 3, 2013, a Burleigh County deputy sheriff stopped a vehicle driven by Leppert for speeding. Leppert failed to produce proof of liability insurance during the stop, and the deputy issued him a citation for driving without liability insurance. At a bench trial, the State introduced evidence through the deputy's testimony regarding the traffic stop and the issuance of the citation, and the district court determined the State had proven its case beyond a reasonable doubt. The district court found Leppert guilty of driving without liability insurance and ordered him to pay a $150 fine.

[¶ 3] On appeal, Leppert argues the district court denied him the right to cross-examine a witness, and the statute he allegedly violated, N.D.C.C. § 39–08–20, did not apply to him and was not properly enacted.

[¶ 4] The State argues Leppert's conviction of driving without liability insurance is not appealable. In support of its argument, the State cites to N.D.C.C. § 39–06.1–03(5) and a recent opinion issued by the North Dakota Attorney General. The Attorney General issued an opinion regarding the effect of H.B. 1263's implementation. N.D. Att'y Gen. 2014–L–02, *1, (Jan. 14, 2014). The opinion referenced the legislative history and intent behind H.B. 1263, as well as other rules of statutory construction, and ultimately determined that a driver cited for a first-time infraction of driving without liability insurance is subject to the procedures set out in N.D.C.C. ch. 39–06.1. *Id.* at *2–6. While not binding on this Court, Attorney General opinions interpreting statutes are entitled to respect, and this Court will follow such opinions if they are deemed persuasive. *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173, ¶ 47, 598 N.W.2d 820; *see also North Dakota Fair Housing Council, Inc. v. Peterson*, 2001 ND 81, ¶ 19, 625 N.W.2d 551 (stating Attorney General opinions are given deference if persuasive).

[¶ 5] Section 39–08–20, N.D.C.C., prohibits driving without liability insurance in North Dakota, and a first-time offense requires a fine of at least $150. In 2013, the legislature made several changes to the relevant statutes, and H.B. 1263 amended N.D.C.C. § 39–08–20 and reduced a driving without liability insurance violation from a class B misdemeanor to an infraction. *See* 2013 N.D. Sess. Laws ch. 296, § 7. Prior to H.B. 1263, driving without liability insurance could not be processed as a noncriminal traffic violation. *See id.* at § 1. Individuals charged with the of-

fense could not utilize the procedures found in N.D.C.C. ch. 39–06.1 because the offense was listed in N.D.C.C. § 39–06.1–05 as a motor vehicle related offense prohibited from utilizing noncriminal procedures. *Id.* However, H.B. 1263 removed driving without liability insurance from the list of exceptions in N.D.C.C. § 39–06.1–05; thus, it now allows individuals cited for driving without liability insurance to use the noncriminal traffic violation procedures outlined in N.D.C.C. §§ 39–06.1–02 and 39–06.1–03. *Id.* In effect, the legislature made driving without liability insurance a noncriminal offense. *See* N.D.C.C. § 39–06.1–02(1) (stating drivers cited with a traffic offense not listed in N.D.C.C. § 39–06.1–05 are "deemed to be charged with a noncriminal offense").

 [¶ 6] Appeals to this Court from district court decisions are only allowed as provided by law. *State v. Walch,* 499 N.W.2d 602, 603 (N.D.1993). Under N.D.C.C. § 39–06.1–03(5)(a), a person may not appeal a noncriminal traffic offense to this Court. The statute states, in pertinent part:

> An individual may not appeal a finding from a district judge ... that the individual committed the violation. If an individual is aggrieved by a finding in the municipal court that the individual committed the violation, the individual may ... appeal that finding to the district court for trial anew. If, after trial in the appellate court, the individual is again found to have committed the violation, there is no further appeal.

N.D.C.C. § 39–06.1–03(5)(a). The term "trial anew" has been construed by this Court to mean "a new trial and not a de novo review on the record." *Zahn v. Graff,* 530 N.W.2d 645, 646 (N.D.1995). In *Walch,* this Court construed an earlier, similar version of N.D.C.C. § 39–06.1–03(5)(a) and determined it "wholly exclude[d] the North Dakota Supreme Court from the appeal process." 499 N.W.2d at 603.

[¶ 7] House Bill 1263 made driving without liability insurance a noncriminal traffic offense, and it allows drivers cited for a first-time infraction to utilize the procedures set out in N.D.C.C. ch. 39–06.1. In this case, the district court determined Leppert was guilty of driving without liability insurance; thus, he may not appeal to this Court. *See* N.D.C.C. § 39–06.1–03(5)(a).

[¶ 8] We therefore dismiss Leppert's appeal.

[¶ 9] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SAND-STROM, JJ., concur.