2017 ND 211

**Gary SCHWARTZENBERGER,** in his official capacity as the Sheriff ·of McKenzie County, Petitioner and Appellant

v.

**MCKENZIE COUNTY BOARD OF ,COUNTY COMMISSIONERS,** Respondent and Appellee

No. 20170024

Supreme Court of North Dakota.

Filed 8/29/2017

Michael J. Geiermann, Bismarck, N.D., for petitioner and appellant.

Todd A. Schwarz, Chief Assistant State's Attorney, Watford City, N.D., for respondent and appellee.

McEvers, Justice.

[¶ 1] Gary Schwartzenberger, in his official capacity as the sheriff of McKenzie County, appeals from a district court order denying his petition for a writ to prohibit the McKenzie County Board of County Commissioners from taking disciplinary action up to and including termination against a deputy in the sheriff's office. We conclude the Board did not have authority to discipline a deputy in the sheriff's office, and we reverse the order denying a writ of prohibition.

I

[¶ 2] Schwartzenberger was elected sheriff of McKenzie County in November 2014. In May 2016, an employee in the sheriff's office contacted the McKenzie County human resource director with a complaint about bullying and retaliation in the sheriff's office. In June 2016, the Board contracted with Village Business Institute to conduct an internal investigation of the sheriff's office. After considering the results of the investigation, the Board unanimously passed a motion at its October 13, 2016 meeting "to take disciplinary action against Lt. Michael Schmitz up to and including termination, pending a response within 10 days, and a final determination by this Board," and to place Lt. Schmitz "on administrative leave immediately and unpaid administrative leave be-

ginning the October 16, 2016, payroll." The Board also unanimously passed a motion requesting the acting state's attorney to prepare a petition for the governor's removal of Schwartzenberger.

[¶ 3] Schwartzenberger petitioned the district court to prohibit the Board from taking any further action on both motions, claiming those motions exceeded the Board's jurisdiction and were unlawful. Schwartzenberger sought an order requiring the Board to refrain from further action involving Lt. Schmitz and to prohibit the Board from interfering with the internal operations of the sheriff's office.

[¶ 4] The district court denied Schwartzenberger's petition for a writ of prohibition, ruling the Board had authority to hire Village Business Institute to investigate the sheriff's office and to request the state's attorney to prepare a petition for the governor's removal of Schwartzenberger as sheriff. The court also ruled the Board had authority to take disciplinary action against Lt. Schmitz. Relying on N.D. Op. Att'y Gen. 1997-L-32 (March 31, 1997), the court said a sheriff, as an elected county official, has implied authority to hire and fire employees in a sheriff's department, but the authority is not absolute and is subject to the Board's authority to supervise the conduct of county officers. The court said the Board's supervisory authority over county officers under N.D.C.C. § 11-11-11(2) includes ensuring that county officers lawfully implement employment discharges in accordance with county policies. The court explained, however, the Board's supervisory authority is not unfettered and the Board may not adopt burdensome or stringent personnel policies that usurp or significantly interfere with an elected officer's authority to hire or fire employees working in the officer's department. The court said the Board had adopted personnel policies for all McKenzie County employees and Schwartzenberger ignored the Board's policies. The court determined Schwartzenberger failed to show how the policies were so burdensome and stringent that they usurped or significantly interfered with his authority to hire or fire employees. The court explained that because Lt. Schmitz could raise issues about whether the Board's actions were justified under the Board's personnel policies in a lawsuit against McKenzie County, it could not be said Lt. Schmitz lacked an adequate remedy at law for purposes of the petition for a writ of prohibition. The court denied Schwartzenberger's request to prohibit the Board from taking disciplinary action against Lt. Schmitz.

## II

[¶ 5] The Board initially moves to dismiss Schwartzenberger's appeal, arguing it is moot because Lt. Schmitz has been terminated from the sheriff's office by an interim sheriff for reasons unrelated to the initial disciplinary proceeding against him and he has surrendered his peace officer's license. Schwartzenberger responds that his appeal is not moot because the issue in this case is whether the Board exceeded its jurisdiction in interfering with internal operations of the sheriff's office and involves more than a disciplinary proceeding against one person in the McKenzie County Sheriff's Office. He claims issues about the authority over internal personnel operations in a sheriff's office are of great public interest involving the authority and power of elected public officials and satisfies an exception to the mootness doctrine.

[¶ 6] Mootness is a threshold issue we consider before reaching the merits of an appeal. *Bland v. Comm'n on Med. Competency*, 557 N.W.2d 379, 381 (N.D. 1996). This Court does not render advisory

opinions, and an appeal will be dismissed if the issues become moot or academic, leaving no actual controversy to be determined. *Nord v. Herrman*, 1998 ND 91, ¶ 12, 577 N.W.2d 782; *Pelkey v. City of Fargo*, 453 N.W.2d 801, 803 (N.D. 1990). An appeal becomes moot when, due to the lapse of time or the occurrence of events, an appellate court is unable to render effective relief. *Nord*, at ¶ 12; *Bland*, at 381; *Pelkey*, at 803. However, an appeal in which subsequent events have eliminated an actual controversy is not moot if the controversy is one of great public interest and involves the authority and power of public officials, or alternatively, if the matter is capable of repetition yet evading review. *In re Estate of Shubert*, 2013 ND 215, ¶ 12, 839 N.W.2d 811; *Bland*, at 381; *Bolinske v. N.D. State Fair Ass'n*, 522 N.W.2d 426, 430 (N.D. 1994); *N.D. Council of Sch. Adm'rs v. Sinner*, 458 N.W.2d 280, 283 (N.D. 1990); *Pelkey*, at 803; *State v. Liberty Nat'l Bank & Trust Co.*, 427 N.W.2d 307, 308-09 n.1 (N.D. 1988). Public interest means more than mere curiosity; it means something in which the public or the community at large has some pecuniary interest, or some interest by which their legal rights are affected. *Shubert*, at ¶ 13; *Forum Publ'g Co. v. City of Fargo*, 391 N.W.2d 169, 170 (N.D. 1986). Public interest does not mean something as narrow as the interest of a particular locality affected by the matter in question. *Shubert*, at ¶ 13; *Forum Publ'g*, at 170.

[¶ 7] Although Lt. Schmitz's employment with the sheriff's office has been terminated for unrelated reasons and specific disciplinary proceedings against him do not present an actual controversy, the issues in this appeal involve the scope of authority of an elected board of county commissioners and an elected county sheriff over personnel decisions in the sheriff's office. Those issues involve the interrelationship and potential overlap of the authority of two elected county entities over personnel decisions in the office of one of the entities. *See Bland*, 557 N.W.2d at 381-82 (holding issue about Medical Board's authority over doctor's license is not moot); *Med. Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289, 294 (N.D. 1995) (holding issue involving separation of powers of entities of state government affect more than the interest of particular locality and is not moot). Issues involving the overlap of authority between elected boards of county commissioners and various elected county officials have been the subject of several attorney general opinions. *See* N.D. Op. Att'y Gen. 1997-L-32 (March 31, 1997); N.D. Op. Att'y Gen. 1996-F-01 (Jan. 9, 1996); N.D. Op. Att'y Gen. 1993-L-333 (Nov. 16, 1993); N.D. Op Att'y Gen. 1993-L-161 (May 20, 1993); N.D. Op. Att'y Gen. 1982-L-38 (May 5, 1982). The requests for attorney general opinions from various public officials reflect implications involving the public's interest in the authority of elected county officials throughout the State and pertain to more than a particular locality. Moreover, the parties and the district court have provided different interpretations of opinions by the attorney general. The parties' different interpretations reflect uncertainty for issues about the authority of a board of county commissioners and a sheriff.

[¶ 8] We conclude the issues about the parties' authority in this case are matters of great public interest involving the authority of elected county commissioners and elected sheriffs throughout the State. We therefore conclude the issues raised in this appeal are not moot.

### III

[¶ 9] Schwartzenberger argues the Board does not have authority to take disciplinary action against a deputy in his

office.[1] He asserts a sheriff has exclusive and absolute authority to manage the internal personnel operations in a sheriff's office and the Board may not usurp or significantly interfere with a sheriff's authority to hire or fire employees in a sheriff's office. He contends the Board only has supervisory authority to ensure a sheriff's actions comply with the law, applicable employment policies, and due process and the Board's decision to discipline Lt. Schmitz does not involve supervising a sheriff and usurps his authority to terminate an employee in his office. He argues the Board's enactment of county personnel policies did not give the Board authority to discipline deputies and the district court's decision denying his request for a writ of prohibition misinterpreted and misapplied those policies and several opinions by the attorney general.

[¶ 10] The Board responds the district court did not abuse its discretion in denying Schwartzenberger's request for a writ of prohibition because the Board has a duty to supervise county officers. The Board argues neither it nor the sheriff have exclusive authority regarding employment issues. The Board argues the sheriff, as an elected official, runs the day-to-day matters in hiring and firing employees and a Board is required to supervise a sheriff and must get involved if the sheriff fails to perform his or her job. The Board argues it has final authority over discipline if the sheriff does not perform required duties and contends the district court did not abuse its discretion in denying Schwartzenberger's petition for a writ of prohibition.

[¶ 11] Under N.D.C.C. ch. 32-35, "[a] writ of prohibition is an extraordinary remedy to prevent an inferior body or tribunal from acting without or in excess of jurisdiction when there is not a plain, speedy, and adequate remedy in the ordinary course of law." *Old Broadway Corp. v. Backes*, 450 N.W.2d 734, 736 (N.D. 1990). The issuance of a writ of prohibition is discretionary, and a denial of the writ will not be overturned on appeal absent an abuse of discretion. *Id.* A court abuses its discretion if it acts arbitrarily, capriciously, or unreasonably, if it misinterprets or misapplies the law, or if its decision is not the product of a rational mental process leading to a reasoned decision. *Overboe v. Brodshaug*, 2008 ND 112, ¶ 7, 751 N.W.2d 177.

[¶ 12] The issues in this case involve the authority of an elected board of county commissioners and an elected county sheriff to make disciplinary decisions involving a deputy in the sheriff's office.

[¶ 13] Counties are political subdivisions of the state, and the authority of county commissioners and of the administrative county officers in the management of a county's business affairs is prescribed by statute. *Ulrich v. Amerada Petroleum Corp.*, 66 N.W.2d 397, 399 (N.D. 1954). *See* N.D. Const. art. VII, § 2 (the legislative assembly shall provide by law for the establishment and government of all political subdivisions and each political subdivision shall have and exercise such powers as provided by law). Under N.D.C.C. § 11-10-01, each organized county is a body corporate for civil and political purposes, and N.D.C.C. § 11-10-02 requires each organized county to have an elected board of

---

1. Schwartzenberger has not raised an issue about the Board's decision to ask the acting state's attorney to prepare a petition for the governor's removal of him as sheriff. On August 4, 2017, Governor Doug Burgum issued a written order dismissing the petition for removal of Schwartzenberger as sheriff of McKenzie County and reinstating him to that position.

county commissioners. A board of county commissioners has authority to superintend the fiscal affairs of the county and to supervise the conduct of the respective county officers, including the sheriff. N.D.C.C. § 11-11-11(1) and (2).

[¶ 14] Under N.D. Const. art. VII, § 8, a county sheriff is an elected county officer. A board of county commissioners sets the salaries for deputies in a sheriff's office, but the sheriff has authority to appoint those deputies, subject to the board's salary and budget limitations. N.D.C.C. § 11-10-11. *See Carlson v. Dunn Cty.*, 409 N.W.2d 111, 113 (N.D. 1987). Although a sheriff has authority to appoint deputies for the sheriff's office, this Court has said the deputies are county employees. *Scofield v. Wilcox*, 33 N.D. 239, 241, 156 N.W. 918, 919 (1916).

[¶ 15] This Court has not addressed the scope of a board of county commissioners' disciplinary authority over county employees working for an elected county officer like the sheriff under our law. The attorney general, however, has issued several opinions addressing an elected board of county commissioners' control over employees working for other elected county officers. *See* N.D. Op. Att'y Gen. 1997-L-32 (March 31, 1997); N.D. Op. Att'y Gen. 1996-F-01 (Jan. 9, 1996); N.D. Op. Att'y Gen. 1993-L-333 (Nov. 16, 1993); N.D. Op. Att'y Gen. 1993-L-161 (May 20, 1993); N.D. Op. Att'y Gen. 1982-L-38 (May 5, 1982).

[¶ 16] Although we are not bound by attorney general opinions interpreting statutes, we will follow them if they are persuasive. *State v. Leppert*, 2014 ND 207, ¶ 4, 855 N.W.2d 665; *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173, ¶ 47, 598 N.W.2d 820. We give "respectful attention to the attorney general's opinions and follow them when we find them persuasive." *Holmgren v. N.D. Workers Comp. Bureau*, 455 N.W.2d 200, 204 (N.D. 1990). Attorney general's opinions guide state officers until superseded by judicial opinions. *Werlinger*, at ¶ 47.

[¶ 17] In N.D. Op. Att'y Gen. 1997-L-32, the attorney general addressed an issue regarding a county board's authority to limit an elected county officer's authority to discharge an employee working in the elected officer's office. Citing and following several earlier attorney general opinions, the attorney general summarized the coextensive authority of a board of county commissioners and an elected county officer and explained a board's authority is limited:

> the board does not have authority to decide whether a particular person is hired by an elected county officer; the power to make that decision belongs to the officer. 1996 N.D. Op. Att'y Gen. 1, 5; 1993 N.D. Op. Att'y Gen. L-161 (May 20 letter to Robb); Letter from Attorney General Nicholas Spaeth to Wade Enget (Jan. 7, 1991); Letter from Attorney General Nicholas Spaeth to Joseph Kubik (Dec. 5, 1986).
>
> It has long been the position of this office that implicit in a county officer's power to appoint or hire an employee under N.D.C.C. § 11-10-11 is the power to fire that employee. 1993 N.D. Op. Att'y Gen. L-261 (Sept. 10 letter to Greenwood); Letter to Enget, *supra*; 1982 N.D. Op. Att'y Gen. 108, 110; Letter from Attorney General Allen Olson to Gordon Taylor (September 7, 1978). This right, however, is not unfettered. 1993 N.D. Op. Att'y Gen. at L-334. For example, an officer's discharge of an employee is subject to due process considerations if the employee has a property interest in that employment. 1993 N.D. Op. Att'y Gen. at L-261.
>
> The authority of an officer to fire an employee is also subject to the authority of the board under N.D.C.C. § 11-11-

11(2) to "supervise the conduct of the respective county officers." The board's supervisory authority under this section includes ensuring that discharges by county officers are lawfully implemented in accordance with county policies. Letter to Enget, *supra*; Letter to Kubik, *supra*. The board may adopt personnel policies that apply to all county employees, including those hired by county officers under N.D.C.C. § 11-10-11. 1993 N.D. Op. Att'y Gen. at L-335 (board may require termination for cause rather than at-will). However, as I recently indicated, the board's supervisory authority also is not unfettered. *See* 1996 N.D. Op. Att'y Gen. at 4-5; *Murphy v. Swanson*, 50 N.D. 788, 198 N.W. 116, 119-20 (1924). The board would exceed its supervisory authority under N.D.C.C. § 11-11-11(2) if it adopted burdensome or stringent personnel policies that, in effect, usurped or significantly interfered with the authority of the officer to hire or fire employees working in the officer's department.

In conclusion, it is my opinion that a board of county commissioners may not restrict or remove a county officer's authority to fire an employee hired by that officer under N.D.C.C. § 11-10-11, except through personnel policies that do not usurp or significantly interfere with an elected officer's authority to fire employees in the officer's department.

[¶ 18] In considering the allocation of authority between a county board and a sheriff, courts in other jurisdictions have similarly construed their laws and generally concluded that although county boards may implement personnel policies for county employees, sheriffs have the authority to appoint, promote, demote, and dismiss deputies. *Bd. of Cty. Comm'rs v. Nielander*, 275 Kan. 257, 62 P.3d 247, 251-54 (2003) (construing Kansas' statutes and holding board has authority to implement personnel policies, but sheriff has authority to hire and fire employees in sheriff's office); *Linehan v. Rockingham Cty. Comm'rs*, 151 N.H. 276, 855 A.2d 1271, 1274-76 (2004) (discussing coextensive powers of sheriff and county commissioners and stating commissioners do not have authority to interfere with terms and conditions of deputy sheriff's employment as long as sheriff complies with overall budget constraints); *McLaughlin v. Bailey*, 240 N.C.App. 159, 771 S.E.2d 570, 576-77 (2015) (discussing North Carolina law and stating sheriff has exclusive right to hire, discharge, and supervise employees in sheriff's office); *Hutchison v. Cartwright*, 692 P.2d 772, 773-74 (Utah 1984) (holding sheriff, not board of county commissioners, has authority to hire and fire sheriff's deputies); *Sheriff of Salt Lake Cty. v. Bd. of Comm'rs of Salt Lake Cty.*, 71 Utah 593, 268 P. 783, 784-85 (1928) (same). *See* 70 Am. Jur. 2d *Sheriffs, Police, and Constables* § 14 (2016) (stating statute giving board authority to establish personnel policies for all nonelected personnel does not give board ability to supersede sheriff's power to appoint, promote, demote, or dismiss personnel).

[¶ 19] In *Nielander*, 62 P.3d at 251, the Kansas Supreme Court described the allocation of authority in language similar to opinions issued by our attorney general:

The sheriff is an independently elected officer whose office, duties, and authorities are established and delegated by the legislature. The sheriff is not a subordinate of the board of county commissioners and neither are the undersheriff or the sheriff's deputies and assistants. Rather, the sheriff is a state officer whose duties, powers, and obligations derive directly from the legislature and are coextensive with the county board. The undersheriff and the sheriff's deputies and assistants are subordinates

of the office of sheriff. The board of county commissioners is the means by which the legislature finances the operation of the office of the sheriff. The board of county commissioners is not free to usurp the powers of the office of sheriff by controlling the hiring or firing of the deputies and assistants appointed by the sheriff.

[¶ 20] The foregoing authorities are consistent with opinions by our attorney general, which we conclude provide persuasive authority for the allocation of authority under our statutory and constitutional provisions. We conclude a sheriff has authority to discipline employees in the sheriff's office and a board of county commissioners may not restrict or remove a sheriff's authority to fire an employee hired by the sheriff except through personnel policies that do not usurp or significantly interfere with the sheriff's authority.

[¶ 21] The Board has approved an employee handbook, which recognizes the county voters elect the Board and some county department heads. The employee handbook states employment with McKenzie County is on an "at-will" basis and may be terminated at any time with or without cause and with or without notice. The employee handbook includes provisions dealing with harassment and protection against retaliation and reprisal and says an employee who is found to have knowingly engaged in or knowingly condoned, encouraged, or perpetuated harassment, retaliation, or reprisal shall be subject to disciplinary suspension, demotion, and termination. The employee handbook also includes a provision for disciplinary action and states discipline in the form of a verbal warning may be imposed by the "Department Head/supervisor," but does not include language designating the purveyor of other discipline. The parties have cited no provisions in McKenzie County's personnel policies and employee handbook, and we have found none, granting the Board authority to make disciplinary decisions involving personnel in the sheriff's office and it is not necessary in this case to consider whether any of the Board's personnel policies are so stringent or burdensome that they usurp or significantly interfere with the sheriff's authority to hire or fire employees.

[¶ 22] We recognize a sheriff's failure to take disciplinary action against a deputy in a sheriff's office may impose potential financial liability on a county; however, we have found no authority permitting the Board to take disciplinary action up to and including termination against a deputy in Sheriff Schwartzenberger's office in this case. Rather, under our law, the authority for that discipline lies with Sheriff Schwartzenberger and not the Board. Moreover, the district court's suggestion that the disciplined employee could raise the issue about the Board's authority in a proceeding against the county does not provide Sheriff Schwartzenberger with a remedy to resolve the conflicting claims about disciplinary authority in this case.

[¶ 23] We need not decide the full extent of the interrelationship between a board's authority over internal personnel decisions in a sheriff's office under personnel policies that may be different than those approved by the McKenzie County Board of County Commissioners. Rather, it is sufficient for purposes of the action challenged in this case to conclude the Board's personnel polices do not give the Board authority to impose disciplinary action up to and including termination of a deputy in Sheriff Schwartzenberger's office. We conclude the district court misapplied our law in determining the authority of the Board and Sheriff Schwartzenberger. We there-

fore conclude the court abused its discretion in denying a writ of prohibition.

## IV

[¶ 24] We reverse the district court order.

[¶ 25] Lisa Fair McEvers

Carol Ronning Kapsner, S.J.

Jerod E. Tufte

Gerald W. VandeWalle, C.J.

I concur in the result.

Daniel J. Crothers

[¶ 26] The Honorable Jon J. Jensen was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Carol Ronning Kapsner, sitting.